*590 OPINION OF THE COURT
Leonard Silverman, J.
The question before this court seems to be one of first impression and although the motion before the court involves the application of subdivision 6 of section 10 of the Court of Claims Act, it would seem to apply equally to similar provisions in the General Municipal Law, the Public Authorities Law, and the various other statutes requiring notice to a municipality, a municipal corporation, or a governmental entity or a subdivision.
Section 10 of the Court of Claims Act provides that "[n]o judgment shall be granted in favor of any claimant unless such claimant shall have complied” with the filing of a notice of intention to file claim or the filing of a claim within specified periods set forth in that section.
Because this statute, and similar ones, was considered “a harsh one * * * a mousetrap” (Matter of Murray v City of New York, 30 NY2d 113, 121), the Legislature enacted, effective September 1, 1976, certain remedial provisions which gave to the various courts broader discretion in the allowance of filing after the statutory period. Subdivision 6 of section 10 of the Court of Claims Act now provides, inter alla, "A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the claim or notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules. * * * The claim proposed to be filed, containing all of the information set forth in section eleven of this act, shall accompany such application. In determining whether to permit the filing of a claim pursuant to this subdivision, the court shall consider, among other factors, whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy.”
Subsequently, in Matter of Beary v City of Rye (44 NY2d 398) the Court of Appeals held that this amendment, although *591 applicable retrospectively, cannot be used to revive a cause of action on which the applicable general Statute of Limitations had already lapsed.
The case at bar seeks damages for assault(s), false arrest, false imprisonment and malicious prosecution, arising out of an incident which took place on July 25, 1976. On October 21, 1976, within the 90-day period within which to file a claim, claimant’s attorney mailed the verified claims to the clerk of the court and to the Attorney-General, all as provided in the Court of Claims Act. Unfortunately however, these claims were not received by the clerk of the court or by the Attorney-General until October 29, 1976, several days after the 90-day period had lapsed.
It is well established that it is the date of receipt by the Clerk of the Court of Claims, and by the office of the Attorney-General, which governs, and not the date of mailing (Matter of Aetna Cas. & Sur. Co. v State of New York, 92 Misc 2d 249; Dependable Trucking Co. v New York State Thruway Auth., 41 AD2d 985; Hard v State of New York, 30 AD2d 631; Green v State of New York, 28 AD2d 747). As a result, there is no dispute but that the original claim was not timely filed.
Because the original claim alleged that the claimant was assaulted on July 25, 1976 "and continuing with subsequent assaults”, the office of the Attorney-General moved for an order requiring an amended claim on the grounds that the defendant could not properly answer without knowing upon what dates these subsequent assaults occurred. That motion was granted by Judge Robert J. Mangum by order filed on December 16, 1976, and by motion dated April 27, 1977, defense counsel once again was required to move for an order directing the claimant to comply with the prior order of the court. Finally, by affidavit sworn to on May 11, 1977, the claimant conceded that the assault took place only on July 25, 1976 "and not on another day.”
On May 13, 1977, the State served an answer which alleged, inter alla, that since the claim accrued on July 25, 1976, a filing on October 29 was untimely.
It is now 1980, and by motion first filed in late January of this year, counsel for the claimant seeks an order dismissing the defendant’s affirmative defense for late filing (and another affirmative defense) "and/or permitting the filing, nunc pro tune, of claimant’s claim against defendant.”
The Statute of Limitations for assault, false arrest or im *592 prisonment, and malicious prosecution, is one year (CPLR 215). Because "an action asserting a like claim against a citizen of the state would be barred” at this time, it is clear that this court cannot now entertain an application to file a late claim, nor does claimant’s counsel make such an application. Indeed, he does not even annex a copy of a "claim proposed to be filed”, as would be required pursuant to subdivision 6 of section 10 of the Court of Claims Act.
Counsel for the claimant contends, however, that a claim has already been filed within the applicable one-year period, albeit after the 90 days. He contends further, that his client meets all the criteria for the exercise of the court’s discretion pursuant to subdivision 6 of section 10. It is the position of claimant’s counsel that although this court cannot now permit a late filing, the court would have discretion to deem a previously filed claim, timely filed, nunc pro tune.
The motion must be denied.
We hold that once the Statute of Limitations applicable to private citizens has lapsed, the case has passed beyond the point of "judicial recall” referred to in Matter of Beary v City of Rye (44 NY2d 398, supra) and the remedial effects of subdivision 6 of section 10 or similar enactments have no application.
We hold further, that although leave to file nunc pro tune can be granted in an appropriate case (cf. Palazzo v City of New York, 444 F Supp 1089; Matter of Pauletti v Freeport Union Free School Dist., 44 NY2d 398), the grant of such a privilege can only be made within the context of an application to file a late claim. Where no application can be made, as at bar, or where no application has been made, as in Calderazzo v State of New York (74 AD2d 954), a late filing cannot be allowed to stand. "Claimant’s contention that the 1976 amendment to the Court of Claims Act (L 1976, ch 280) presently permits leave to late file a claim or notice when the State has notice of the essential facts constituting the claim, has had an opportunity to investigate the circumstances underlying the claim, and, accordingly, has suffered no prejudice, is meritless, where, as here, no application for such permission has been made.”
We recognize that this holding may seem harsh in view of the fact that there was a claim filed but four days after the 90-day period lapsed. We are also cognizant of the fact that subdivision 6 of section 10 of the Court of Claims Act was *593 meant to be "remedial” in nature (Kelly v State of New York, 57 AD2d 320) and that "if a case is within the beneficial intention of a remedial act it is deemed within the statute, though actually it is not within the letter of the law.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 321.) It is our opinion, however, that the remedial applicability of the section expired when the time for "asserting a like claim against a citizen of the state” (Court of Claims Act, § 10, subd 6) expired. Claimant, not having made his application within that time framework, cannot now rely on the benefit of the remedial statute without making application thereunder. And the relief sought may not be granted independently of the statute because "[a]n order may not be made nunc pro tune which will supply a jurisdictional defect by requiring something to be done which has not been done.” (Stock v Mann, 255 NY 100, 103.)
Finally, we note that claimant had ample opportunity to make the appropriate motion, both before and after receiving the defendant’s answer. The instant motion is made over two and a half years after claimant formally learned of the affirmative and jurisdictional defenses.
Claimant’s motion for an order striking affirmative defenses numbered fourth and fifth or, in the alternative, deeming the claim timely filed, nunc pro tune, is denied.
Since filing requirements are jurisdictional (Bommarito v State of New York, 35 AD2d 458), the court even in the absence of a cross motion to dismiss, "may, ex mero motu refuse to proceed further and dismiss the action” (Kurtz v State of New York, 40 AD2d 917, 918, affd 33 NY2d 828).
The claim is dismissed, and the clerk of the court is directed to enter judgment accordingly.