744 F.2d 1007
 Alice C. RICHARDSON, as Representative of Almando Felix, a
Deceased Minor, and his heirs, Appellee,
v.
KNUD HANSEN MEMORIAL HOSPITAL, Government of the Virgin
Islands, and Jill Kooiker, R.N.A., Appellants.
 No. 83-3489.
 United States Court of Appeals,
Third Circuit.
 Argued April 26, 1984.
Decided Sept. 28, 1984.
 
 Richard H. Hunter (argued), Isherwood, Hunter & Colianni, Christiansted, St. Croix, for appellants.
 Ronald T. Mitchell (argued), Benjamin A. Currence, Pallme & Mitchell, Charlotte Amalie, St. Thomas, V.I., for appellee.
 Before SEITZ, GARTH and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 The Government of the Virgin Islands, the Knud Hansen Memorial Hospital,[1] and Jill Kooiker, a registered nurse, all defendants in this wrongful death action, appeal the order of the district court granting judgment for the plaintiff, Alice C. Richardson, and awarding damages in the amount of $225,000. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 I.
 
 2
 Almando Felix, a two-year old boy, checked into the Knud Hansen Memorial Hospital for minor elective surgery on his neck. Knud Hansen is one of two hospitals owned and operated by the Government of the Virgin Islands. Almando was not expected to stay more than one day. The surgery was performed on October 17, 1978. As a result of Nurse Kooiker's negligence, Almando lapsed into a coma and died on October 26, 1978.
 
 
 3
 Alice C. Richardson, Almando's representative, filed this wrongful death action on October 20, 1980. The court found the defendants jointly and severally liable and awarded damages of $225,000 to Richardson for the mental pain and suffering of Sonia Forbes, Almando's mother.
 
 II.
 
 4
 We first consider the Government's argument that plaintiff has failed to comply with various requirements of the Virgin Islands Tort Claims Act, 33 V.I.C. Sec. 3401 et seq. (Equity 1967 & Supp.1983). That Act states that the Government of the Virgin Islands waives its immunity from tort liability and "consents to have its liability determined in accordance with the same rules of law as applied to actions in the courts of the Virgin Islands against individuals and corporations: Provided, That the claimant complies with the provisions of this chapter." 33 V.I.C. Sec. 3408 (emphasis added).
 
 
 5
 Sections 3409 and 3410 of the Act set forth the claim filing requirements that a plaintiff in a wrongful death action must satisfy as preconditions to recovery against the Government. The decedent's executor or administrator must file either a "claim" or "notice of intention to file a claim" within ninety days of the executor's appointment. If the executor files a notice of intention, he has two years from the date of the decedent's death to file the claim. In no event, however, shall the claim be filed more than two years after the date of death. Id. Sec. 3409(b).
 
 
 6
 An executor who fails to file either a claim or notice of intention within ninety days of his appointment may file a motion with the court no more than two years after the decedent's death seeking permission to file a late claim. An affidavit and copy of the proposed claim must accompany the motion. The affidavit must establish that the claimant had a "reasonable excuse" for failing to comply, and that the Government had actual knowledge of the underlying facts of the claim within the original ninety day time period. Id. Sec. 3409. The court may, in its discretion, grant the motion unless it finds that the Government has been "substantially prejudiced" by the untimely filing. Id.
 
 
 7
 Section 3410 states that the claim or notice of intention must be filed with the Office of the Governor, and a copy served upon the Attorney General. A notice of intention must state the time and place of the alleged tort and the nature of the claim to be asserted. A claim must set forth the same information as the notice, plus "items of damage or injuries claimed to have been sustained and the total sum claimed." Both the notice and the claim must be verified. Id. Sec. 3410.
 
 
 8
 The Government in this case argues that plaintiff failed to comply with the requirements of the Tort Claims Act in four respects: (1) plaintiff failed to file a claim or notice of intention in a timely fashion: (2) plaintiff failed to file a claim or notice of intention with the Office of the Governor, and failed to serve a copy on the Attorney General; (3) plaintiff failed to provide the Government with the information required by 33 V.I.C. Sec. 3410; and (4) plaintiff failed to verify her documents.
 
 
 9
 The Government raised the first of these alleged defects as an affirmative defense in its answer to plaintiff's complaint. At the close of plaintiff's case, the Government moved for an involuntary dismissal under Fed.R.Civ.P. 41(b) on the ground that plaintiff's notice of intention was untimely. The district court, citing to its recent holding in Saludes v. Ramos, Civ. No. 82-283 (D.V.I. April 23, 1983), denied the motion on the ground that a malpractice claimant need not comply with the requirements of the Tort Claims Act. For purposes of appeal the district court accepted a stipulation by the parties that the notice of intention was filed on October 17, 1980.
 
 
 10
 Plaintiff argues before this court that the district court's denial of the motion on the basis of the Saludes ruling was correct. This argument must fail. In a separate opinion issued today, we reverse the district court's order in Saludes and hold that a malpractice claimant against the Government must comply with the provisions of the Virgin Islands Tort Claims Act as well as the provisions of the Virgin Islands Health Care Provider Malpractice Act, 27 V.I.C. Sec. 166 et seq. (Equity Supp.1983). See Saludes v. Ramos, 744 F.2d 992 (3d Cir.1984).
 
 
 11
 Plaintiff also argues that the notice of intention was timely because it was filed within ninety days of her appointment as the decedent's representative and within two years of the decedent's death. In support of this assertion, plaintiff has included in her brief a copy of the Virgin Islands Territorial Court's appointment order, dated October 2, 1980. At oral argument the Government conceded the validity of this appointment order but argued that plaintiff should have offered the order as evidence in the district court. We will excuse plaintiff's failure to offer the order as evidence at the time of the Government's motion, because we presume she acted in reliance on the district court's ruling in Saludes that compliance with the Tort Claims Act was not required. We take judicial notice of the order and hold that plaintiff's notice of intention was filed within ninety days of her appointment and within two years of the decedent's death, and was therefore timely.
 
 
 12
 The Government did not raise the other three questions concerning compliance with the Tort Claims Act until it filed its Reply Brief in this appeal. Ordinarily we would not consider such untimely issues. The Government's challenges, however, are jurisdictional.
 
 
 13
 It is a general rule, frequently repeated, that the terms of a sovereign's waiver of immunity define a court's jurisdiction. See, e.g., Lehman v. Nakshian, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). This rule has been applied in actions brought against the federal government under the Federal Tort Claims Act, see, e.g., Bialowas v. United States, 443 F.2d 1047, 1048 (3d Cir.1971). One consequence of the rule is that compliance with the requirements for filing an action against the federal government may not be waived. Id. at 1049.
 
 
 14
 We believe that the rule in Bialowas also applies to actions against the Government of the Virgin Islands under the Virgin Islands Tort Claims Act. As this court has stated elsewhere, "[t]he Territory of the Virgin Islands is a body politic. While not sovereign, in the true sense of that term, the Revised Organic Act [48 U.S.C. Sec. 1541 et seq.] has conferred upon it attributes of autonomy similar to those of a sovereign government or state." In re Hooper's Estate, 359 F.2d 569, 578 (3d Cir.1966) (Maris, J.). One of these "attributes of autonomy" is immunity from tort liability, 48 U.S.C. Sec. 1541(b), so that the Government of the Virgin Islands may not be sued without its consent. We believe the terms of this consent are jurisdictional, just as they are under the Federal Tort Claims Act. Accord Muscat v. State, 103 Misc.2d 589, 426 N.Y.S.2d 711 (1980). It follows that the terms may not be waived. We therefore conclude that the Government is not precluded, even at this late date, from raising questions of compliance with the Virgin Islands Tort Claims Act.
 
 
 15
 Not having had the benefit of the district court's rulings on these issues, we will vacate the judgment against the Government and remand this action to the district court with instructions to determine whether plaintiff has complied with the requirements of sections 3409 and 3410 of the Tort Claims Act. We express no opinion on the question whether plaintiff has complied. Neither do we express an opinion about the exactitude with which plaintiff must comply.
 
 III.
 
 16
 Our decision to vacate the district court's order as to the Government will not disturb the judgment against Nurse Kooiker. The district court found the defendants jointly and severally liable. We understand this to mean that the district court awarded recovery against Kooiker not only in her official capacity as an employee and agent of the Government, but also in her private capacity. See Davis v. Knud-Hansen Memorial Hospital, 635 F.2d 179 (3d Cir.1980). We must therefore consider Kooiker's challenges to the judgment against her in her private capacity.
 
 
 17
 Kooiker argues that the action against her was barred by the statute of limitations. The district court denied Kooiker's motion for an involuntary dismissal on this ground at the close of plaintiff's case. The court held that plaintiff's action was governed by the two-year limitations period for wrongful death actions; that the accrual date for a wrongful death action is the date of death; and that the two years had not expired on October 20, 1980, the date plaintiff filed her complaint. Kooiker attacks this holding by arguing that the correct limitations period is set forth in the Virgin Islands Health Care Providers Malpractice Act, 27 V.I.C. Sec. 166 et seq. ("the Medical Malpractice Act"), not the territory's wrongful death statute. Section 166d of the Medical Malpractice Act states that the limitations period for malpractice is two years, and that the cause of action accrues on the "date of the alleged act, omission or neglect". Id. Sec. 166d(a). From this Kooiker concludes that the limitations period for plaintiff's action expired on October 17, 1980, two years from the date of the malpractice and three days before plaintiff filed her complaint.
 
 
 18
 To decide this issue we must first determine the proper accrual date for wrongful death actions in the Virgin Islands. The Virgin Islands Wrongful Death Act, 5 V.I.C. Sec. 76 (Equity Supp.1983), contains no explicit accrual date, so we must consult the language of the Act for circumstantial evidence of legislative intent. Generally speaking, there are two types of wrongful death statutes. Under one type of statute the wrongful death action is separate and independent from the decedent's action for personal injury, and the accrual date is generally the date of death. In such actions the decedent's survivors seek damages for their own injuries resulting from the death--for example, loss of support and services, and mental pain and suffering. See, e.g., Fisk v. United States, 657 F.2d 167, 171 (7th Cir.1981). Under other statutes the action is derivative of the decedent's personal injury claim, the survivor sues for injuries to the decedent, and the accrual date is the date of the original tortious conduct. See, e.g., Grbac v. Reading Fair Co., 688 F.2d 215, 217 (3d Cir.1982).
 
 
 19
 Various provisions of the Virgin Islands statute convince us that the legislature intended to create an independent wrongful death action, and that the accrual date for the action is the date of death. The Act states that "[w]hen a personal injury to the decedent results in his death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." 5 V.I.C. Sec. 76(d). Survivors may collect damages under the Act for lost services, support, and companionship, the survivors' mental pain and suffering, and the decedent's funeral and medical expenses if a survivor paid them or if they were charged to the decedent's estate. 5 V.I.C. Sec. 76(c). They may not recover damages, however, for the decedent's separate losses. The Virgin Islands legislature borrowed the Act from Florida,[2] where it has long been the rule that an action for wrongful death accrues on the date of death. See St. Francis Hospital, Inc. v. Thompson, 159 Fla. 453, 31 So.2d 710 (1947). We note that this is the rule in a majority of states, see 22 Am.Jur.2d "Death" Sec. 40 (1965), and under the Federal Tort Claims Act, see Fisk, supra.[3]
 
 
 20
 Were we to hold that the accrual date for a wrongful death action in the Virgin Islands was the date of injury instead of the date of death, we would unfairly deprive certain survivors of their right to recover. It would be possible, for example, for the wrongful death limitations period to expire before the decedent died, even though the decedent had filed a timely action for personal injury. Under the abatement provision quoted above, 5 V.I.C. Sec. 76(d), the decedent's action would become a nullity, precluding an amendment that would relate back to the decedent's original filing. We are unwilling to attribute to the legislature an intention to produce such an inequitable and unreasonable result.
 
 
 21
 At the same time, we recognize that our own holding creates the possibility that a wrongful death action may accrue many years after the injury, also an undesirable result. We are not confronted with this latter situation, however,[4] and in any event we believe our ruling is appropriate in view of the stated policy of the Wrongful Death Act "to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer." Id. Sec. 76(a).
 
 
 22
 The question remains whether the general accrual date for wrongful death actions applies in an action for wrongful death based on medical malpractice. The Virgin Islands Malpractice Act provides that "[n]o claim, whether in contract or tort, may be brought against a health care provider ... unless filed within two (2) years from the date of the alleged act, omission or neglect ...." 27 V.I.C. Sec. 166d(a) (Equity Supp.1983). The Act defines "malpractice" as "any tort or breach of contract based on health care or professional services rendered ... to a patient." Id. Sec. 166(f).
 
 
 23
 Conflict between the accrual dates for wrongful death actions and malpractice actions is a common issue in the state courts. At least five state supreme courts, confronted with this problem, have held recently that the accrual date for wrongful death is controlling.[5] A lower court in Florida has also held that the wrongful death accrual date governs in such cases.[6] One state supreme court has reached the opposite result, but the decision was accompanied by a strong dissent.[7]
 
 
 24
 As these decisions indicate, the state courts have been reluctant to hold that wrongful death actions may accrue before the date of death. We share this discomfort. We recognize that the Medical Malpractice Act was enacted in large part to reduce the exposure of health care providers to malpractice liability, see Leg. Debate on Bill 6773, 11th Leg.Sess. of V.I., Oct. 28-29, 1974, and that our holding increases rather than reduces this exposure. The legislative history of the Medical Malpractice Act, however, has to be set against the explicitly stated policy of the Wrongful Death Act, noted above, to shift the losses from the survivors of the decedent to the wrongdoer. 5 V.I.C. Sec. 76(a). The Act states that its provisions "are remedial and shall be liberally construed." Id.
 
 
 25
 We do not think this matter is entirely free from doubt, but without clearer legislative guidance we decline to create two classes of wrongful death plaintiffs--those suing for wrongful death resulting from malpractice, and those suing for wrongful death resulting from other torts. We therefore conclude that, in an action for wrongful death based on medical malpractice, the date of accrual is the date of the decedent's death, not the date of injury.
 
 
 26
 This decision eliminates the need to decide what statute of limitations applies to plaintiff's action. The Virgin Islands Wrongful Death Act contains no explicit statute of limitations, but the general limitations statute in the Virgin Islands, 5 V.I.C. Sec. 31 (Equity 1967 & Supp.1983), contains two provisions that might be relevant: the six-year period for "[a]n action upon a liability created by statute, other than a penalty or forfeiture," id. Sec. 31(3)(B) (Equity 1967); and the two-year period for "[a]n action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated ..." id. Sec. 31(5)(A) (Equity Supp.1983).[8] The Medical Malpractice Act also establishes a two-year limitations period. 27 V.I.C. Sec. 166d(a). If we assume, without deciding, that the shorter period applies, plaintiff's wrongful death complaint would still be timely. We therefore conclude that plaintiff's wrongful death action is not barred by the statute of limitations.
 
 
 27
 The final issue we must consider is the district court's decision to include as an item of damages the expenses of the decedent's mother for future psychotherapy made necessary by her mental pain and suffering since the death of her son. Kooiker challenges this decision on the ground that section 76(e)(4) of the Wrongful Death Act allows recovery only for "mental pain and suffering", not related medical expenses. Section 76(e)(4) controls the types of damages awardable in a wrongful death/malpractice action by reason of 27 V.I.C. Sec. 166b.
 
 
 28
 We agree with Kooiker that medical expenses incurred as a consequence of mental pain and suffering are not an allowable item of recovery under section 76(e)(4). We base this in part on the language of section 76(e), which permits recovery for the medical expenses of the decedent and the pain and suffering of certain designated survivors. This language is circumstantial evidence that the legislature intended to treat these categories of damages separately, and that survivors should not recover for their own medical expenses incurred as a result of mental pain and suffering. We are also persuaded by the general distinction made between pecuniary and nonpecuniary damages in personal injury actions. Although damages for pain and suffering are considered "compensatory", they do not compensate for a pecuniary loss, such as payment of medical expenses, but for the unwanted burden of grief and sorrow attending the death of a loved one. See F. Harper & F. James, 2 The Law of Torts Sec. 25.10 (1956); Restatement (2d) of Torts Secs. 905, 906 (1979). See also de Letelier v. Republic of Chile, 502 F.Supp. 259, 267 (D.D.C.1980).
 
 
 29
 The district court stated its belief at trial that the future medical expenses claim amounted to approximately $7,000. Because we believe award of this item of damage was incorrect, we will reduce plaintiff's recovery to $218,000. Otherwise the judgment against Nurse Kooiker will be affirmed.
 
 IV.
 
 30
 The order of the district court will be vacated insofar as it enters judgment against the Government of the Virgin Islands and the matter will be remanded for a determination of the jurisdictional issues discussed in this opinion.[9] The order of the district court will be affirmed insofar as it enters judgment against Nurse Kooiker, but the award of damages will be reduced to $218,000. Kooiker will bear her own costs plus one half of plaintiff's costs in this appeal. Plaintiff will bear the other half of her own costs, and the Government will bear its own costs.
 
 GARTH, Circuit Judge, dissenting:
 
 31
 Although I agree with certain of the underlying determinations found in the majority opinion, I am obliged to dissent from that opinion because it incorporates the Kock v. Government of Virgin Islands, 744 F.2d 997 (3d Cir.1984) a holding with which I disagree. The majority opinion anticipates that in the event the district court after remand determines that a judgment may be entered against the Government of the Virgin Islands, that judgment could, under the Kock doctrine amount to as much as $100,000. Such a result would follow from the holding in Kock, decided this same day, that recoveries against the government in a wrongful death action resulting from medical malpractice may exceed the $25,000 limitation prescribed by the Virgin Islands Torts Claims Act, 33 V.I.C. Secs. 3405-3415 (Equity Supp.1983) ("VITCA").
 
 
 32
 Because I have dissented in Kock and because I believe that the Medical Malpractice Act cannot be construed to repeal or modify the terms of VITCA, I also dissent from the majority's conclusion in Richardson that would permit a recovery against the government of the Virgin Islands in excess of the $25,000 VITCA limitations. Although I disagree with the bottom line conclusion of the Richardson majority opinion, as I have noted above, I do not disagree with subsidiary holdings found in the majority opinion.
 
 
 33
 I agree that a plaintiff relying on the Health Care Providers Malpractice Act, 27 V.I.C. Sec. 166 (Equity Supp.1983), in a suit against the Government of the Virgin Islands must comply with the provisions of both the Act and with VITCA. I also agree that the accrual date for a wrongful death action is the date of death and that therefore the two-year statute of limitations had not expired at the time that Richardson's complaint was filed. As the majority opinion expresses it "[W]e decline to create two classes of wrongful death plaintiffs--those suing for wrongful death resulting from malpractice and those suing for wrongful death resulting from other torts." In either case, I agree that in an action for wrongful death the date of the decedent's death marks the date of accrual for the purposes of the statute of limitations. The other aspect of the majority's opinion with which I agree is the majority's conclusion that the district court may not allow damages for medical expenses incurred for treatment of the decedent's mother.[1]
 
 
 34
 Overall therefore, while I agree that certain of the predicate holdings addressed in the majority opinion are correct, I cannot agree with the majority's conclusion which would permit the district court to impose up to $100,000 damages against the Government of the Virgin Islands if it ultimately appears that plaintiff had complied with the provisions of VITCA. I therefore dissent.
 
 
 
 [1]
 The Knud Hansen Memorial Hospital is simply an instrumentality of the Government of the Virgin Islands operated by the Department of Health. In this opinion we will refer to the Government and the hospital collectively as "the Government."
 
 
 [2]
 See Leg. Debate on Bill 6254, 10th Leg. Sess. of V.I., April 3, 1974, at 3
 
 
 [3]
 We also note that, under the Virgin Islands Tort Claims Act, the ninety-day and two-year time requirements for filing a claim of wrongful death against the Government run from the time of the decedent's death. 33 V.I.C. Sec. 3409(b)
 
 
 [4]
 We note that some states have avoided this result through construction of their statutes of limitations. See, e.g., Goodman v. Mead Johnson & Co.,% 534 F.2d 566, 569-70 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977) (applying New Jersey law)
 
 
 [5]
 Clark v. Singer, 250 Ga. 470, 298 S.E.2d 484 (1983); Chapman v. Cardiac Pacemakers, Inc., 105 Idaho 785, 673 P.2d 385 (1983); Koler v. St. Joseph Hospital, 69 Ohio St.2d 477, 432 N.E.2d 821 (1982); McMickens v. Waldrop, 406 So.2d 867 (Ala.1981): Ness v. St. Aloisius Hospital, 301 N.W.2d 647 (N.D.1981)
 
 
 [6]
 See Worrell v. John F. Kennedy Memorial Hospital, Inc., 384 So.2d 897 (Fla. Dist. Ct.App.1980), rev'd in part on other grounds, 401 So.2d 1322 (Fla.1981). As the court noted in Worrell, the Florida legislature has changed the law on accrual dates in that state, so that the holding has only limited application, 384 So.2d at 902
 
 
 [7]
 Crownover v. Gleichman, 194 Colo. 48, 574 P.2d 497 (1977), cert. denied, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978)
 
 
 [8]
 The District Court of the Virgin Islands has held that the two-year personal injury provision in section 31(5)(A) is applicable in wrongful death actions. Clintron v. Bermudez, 6 V.I. 692 (D.V.I.1968)
 
 
 [9]
 In the event the district court finds that it has jurisdiction to enter a judgment against the Government and ultimately enters such judgment, the district court will need to refashion the joint and several liability provisions of the judgment in the light of our opinion in Kock v. Government of the Virgin Islands, 744 F.2d 997 (3d Cir.1984)
 
 
 [1]
 Although the majority would reduce the $225,000 assessed against Nurse Kooiker by $7,000, I suggest that the better procedure would be to remand to the district court for an accurate determination of the amount to be credited. It should be noted that Richardson's brief claims some $7,560 as the medical expenses, but the record is silent as to how the district court judge computed that element of damages