811 F.2d 240
 6 Fed.R.Serv.3d 1122
 Mario KOCK, Administrator of the Estate of Mercedes Maria
Figaroa Tromp, Deceased, Appellant-Cross-Appellee,
v.
GOVERNMENT OF the VIRGIN ISLANDS, Appellee-Cross-Appellant.
 Nos. 86-3094, 86-3149.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 2, 1986.
Decided Feb. 6, 1987.
 
 James E. Beasley (argued), Sarah M. Thompson, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle, Philadelphia, Pa., for appellant-cross-appellee.
 Leroy A. Mercer, Atty. Gen., Edward A. Wascoe, Asst. Atty. Gen. (argued), Dept. of Law, St. Thomas, V.I., for appellee-cross-appellant.
 Before SLOVITER, STAPLETON, and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 ROSENN, Circuit Judge.
 
 
 1
 The primary question raised on this appeal is whether a judgment for damages rendered by the District Court of the Virgin Islands and affirmed by this court on appeal, may be subsequently reduced by the trial court because the defendant's insurance carrier went into liquidation.
 
 
 2
 Mercedes Tromp, a resident of Antigua, was admitted as a patient to the Charles Harwood Memorial Hospital, a facility owned and operated by the Government of the Virgin Islands. After an examination by a government-employed doctor, who prescribed some medication, she was promptly discharged only to die several hours later of a cerebral hemorrhage. Mario Kock, administrator of her estate, and Rudy Perotte, guardian ad litem of her minor daughter, Jessica Tromp, sued the Government of the Virgin Islands in the District Court for the Virgin Islands on June 25, 1979, to recover damages for the malpractice alleged to have caused her death. After a bench trial, the district court held the Government to be liable up to the limit of its $100,000 insurance policy purchased pursuant to the Health Care Provider Malpractice Act, 27 V.I.C. Secs. 166 et seq. (Equity Supp.1983) (the Malpractice Act), and the Tort Claims Act, 33 V.I.C. Secs. 3401 et seq. (Equity Supp.1983). The court awarded $65,000 to the Minor to be held by the court until a guardian could be appointed, and $35,000 to the Administrator of the Estate.[1] Both sides appealed from the judgment of the district court and we affirmed. Kock v. Government of the Virgin Islands, 744 F.2d 997 (3d Cir.1984) [Kock I ].
 
 
 3
 Prior to payment of the judgment, the Government's insurance carrier went into liquidation. The Government thereupon requested relief in the district court from the $100,000 award pursuant to Fed.R.Civ.P. 60(b)(5) and 60(b)(6). The plaintiff, on the other hand, filed a "complaint in the nature of mandamus" seeking an order from the district court directing the appropriate government officials to pay the $100,000 judgment. The district court dismissed the complaint in the nature of mandamus and granted the Government's motion for relief by reducing the judgment against the Government to $25,000 each for the Estate and for the minor daughter, an aggregate of $50,000. Again, both sides appealed to this court. We affirm the district court's order denying mandamus but vacate the order of the district court reducing the original judgment.
 
 I.
 
 4
 A threshold issue raised in the Government's cross-appeal is whether the district court erred in granting judgment against the defendant because the plaintiff failed to comply with the prelitigation notice provisions found in the Tort Claims Act, 33 V.I.C. Secs. 3409, 3410.[2] Under the Tort Claims Act, the representative of the decedent's estate must file either a claim or a notice of intention to file a claim within ninety days of appointment. If no notice or claim is filed within ninety days, the estate may move for an extension of time. Both claim and notice must be transmitted to the Government with a copy to the Attorney General. Both documents must specify the time and place of the alleged tort and the nature thereof. Both documents are required to be verified and the claim must indicate the items of injury and the total sum claimed. Richardson v. Knud Hansen Memorial Hospital, 744 F.2d 1007, 1009 (3d Cir.1984); 33 V.I.C. Secs. 3409, 3410.
 
 
 5
 The notice issue was raised in the Government's answer in Kock I, but has not been raised in the six years since then. Because compliance with the statutory provisions pertaining to notice is jurisdictional, the Government argues that such compliance cannot be waived, see Richardson, 744 F.2d at 1010, and that the question of compliance is still viable on this appeal. The plaintiff, on the other hand, asserts that the Government is precluded from raising the notice issue in this proceeding and, in any event, that the Government received adequate notice. The parties apparently proceeded to trial and to the first appeal on the assumption that the plaintiff gave timely and adequate notice.
 
 
 6
 The district court in this proceeding [Kock II ] understandably did not address the question of whether the Government had received timely and adequate notice from the plaintiff as required by statute and made no express findings of fact in the matter, because the defendant never raised the issue in the district court.[3] We perceive no need to remand to the district court for factual findings on the question because we believe that the Government is precluded as a matter of law from raising the notice issue in this proceeding. Despite the Government's reliance on Richardson for the proposition that the notice provisions of the Tort Claims Act are jurisdictional and cannot be waived, the Government's failure in Richardson to raise the jurisdictional issue until its reply brief on appeal nonetheless involved a raising of the issue during the life of the case. The appellate court still had the appeal before it. By contrast, in this matter, the case was tried by the district court, affirmed by the court of appeals, and the appellate proceedings had been fully completed.
 
 
 7
 In this collateral proceeding, the Government presents an issue initially raised in its original answer and attempts to breathe life into a case that has been tried, appealed, and fully interred. All that remains is the payment of the judgment. Regardless of the jurisdictional nature of the Government's defense, our affirmance of the district court's judgment in that proceeding "must be deemed to have adjudicated the court's subject matter jurisdiction since the time for direct appeal from that judgment has already run." Philadelphia Welfare Rights Organization v. Shapp, 602 F.2d 1114, 1119 n. 2 (3d Cir.1979). See Lambert v. Conrad, 536 F.2d 1183, 1185 (7th Cir.1976) ("a prior decision remains a bar to a future action even though it now appears that the court had no jurisdiction in the prior action.") (citing Des Moines Navigation and R.R. Co. v. Iowa Homestead Co., 123 U.S. 552, 8 S.Ct. 217, 31 L.Ed. 202 (1887)). We see no reason in this case, several years after the expiration of the ordinary fourteen day period in which to petition for rehearing, to now examine a factual issue as to whether the court to which the parties submitted their original claim had subject matter jurisdiction. See Lambert, 536 F.2d at 1185; McClelland v. Robinson, 94 Misc.2d 312, 405 N.Y.S.2d 165, 167 (N.Y.Civ.Ct.1978); Restatement (Second) of Judgments Sec. 12 comment d (1982). "It is just as important that there should be a place to end as that there should be a place to begin litigation." Durfee v. Duke, 375 U.S. 106, 113-14, 84 S.Ct. 242, 246, 11 L.Ed.2d 186 (1963), (quoting Stoll v. Gottlieb, 305 U.S. 165, 172, 59 S.Ct. 134, 138, 83 L.Ed. 104 (1938)). Accordingly, we refuse to consider the Government's claim that the district court lacked jurisdiction to enter judgment against the Government of the Virgin Islands in Kock I.
 
 II.
 A.
 
 8
 We now turn to the principal issue raised by the plaintiff in this appeal, which is whether the district court erred in reducing the original judgment it entered against the Government. Prior to the institution of plaintiff's suit against the defendant in 1979, the Government of the Virgin Islands enacted the Health Care Provider Malpractice Act, 27 V.I.C. Secs. 166 et seq. (Equity Supp.1983), which supplements the Tort Claim Act's waiver of immunity and increases the Government's liability to $250,000 plus certain expenses and lost earnings. 27 V.I.C. Sec. 166b. Plaintiff brought this suit on the theory that the Charles Harwood Memorial Hospital, acting as a Virgin Islands governmental institution, breached its duty to provide minimally acceptable medical services to plaintiff's decedent by failing to diagnose, treat, and hospitalize her after she was rushed to the emergency room with complaints of severe headaches, vomiting, and speech incoherence.
 
 
 9
 Following a verdict entered against the Government for $100,000, plaintiff's counsel moved to amend the judgment and have the district court award damages of $250,000, the statutory maximum provided by the Malpractice Act. The court denied the motion and both sides appealed. Then, on August 30, 1985, almost a full year after this court affirmed the judgment of the district court, the defendant filed a motion for relief from the judgment pursuant to Fed.R.Civ.P. 60(b)(5) and (6). The basis for the relief sought was that the Bercanus Insurance Company, the government group malpractice carrier, went into liquidation on March 11, 1985, and that the award against the Government was founded upon the assumption that an insurance carrier and not the public fisc would be paying the judgment. Because of the carrier's financial condition, the Government asserted that "this assumption is no longer a reliable factual foundation for the judgment." The district court agreed with this assertion, and therefore granted relief in accordance with the Government's contention at the outset of this litigation that recovery should be limited to the maximum allowable under the Tort Claims Act. It concluded, however, that the $25,000 tort claim limit applied to each claimant, and not, as the Government had contended, to the total amount of the judgment. Accordingly, the court awarded each of the claimants $25,000.
 
 B.
 
 10
 Fed.R.Civ.P. 60(b)(5) and (6) provide, in pertinent part:
 
 
 11
 On Motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 12
 Plaintiff first argues that Rule 60(b)(6) is a residual clause that may only be invoked if none of the preceding five clauses of the rule justify relief, 7 Moore's Federal Practice Sec. 60.27 (2d ed. 1985), and that the district court's order is therefore inherently flawed because it does not make clear which section of the Rule is being relied upon. The plaintiff asserts that Rule 60(b)(5) is inapplicable because the only portion of that subsection which could even arguably apply is the portion which states that a judgment may be reduced if it is "no longer equitable that the judgment should have prospective application," and that this language refers exclusively to injunctions. 7 Moore's Federal Practice Sec. 60.18 (2d ed. 1985). Furthermore, plaintiff argues that the Government failed to present any proof whatsoever that justified a modification of the judgment.
 
 1.
 
 13
 Assuming for the purpose of this appeal that the Government established sufficient proof of liquidation of its insurance carrier, Rule 60(b)(5) still does not afford a basis for the relief it seeks. The judgment in this case has not been satisfied, released, or discharged, and it is not based upon a prior judgment which has been reversed or otherwise vacated. If the district court acted sub silentio upon the theory that relief under Rule 60(b)(5) was appropriate because "it is no longer equitable that the judgment should have prospective application," then it misconstrued the purpose of this language. This language refers primarily to the prospective effect of decrees of a court of equity which, although properly entered, with the passage of time and changing conditions require modification. See System Federation v. Wright, 364 U.S. 642, 647, 81 S.Ct. 368, 371, 5 L.Ed.2d 349 (1961); Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 651 (1st Cir.1972). The power of a court of equity to modify the prospective effect of its decree is well established and is explicitly stated in clause 5. Safe Flight Instrument Corp. v. United Control Corp., 576 F.2d 1340, 1343 (9th Cir.1978) (per curiam). The permissible revision of a decree having prospective effect is materially and legally different from the impermissible alteration of a final judgment having conclusive, res judicata effect. Safe Flight Instrument Corp., 576 F.2d at 1344 (quoting United States v. Swift & Co., 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932)). In the instant case, the judgment initially entered was final at law, and not prospective in equity. Thus, the defendant was not entitled to relief under Rule 60(b)(5).
 
 2.
 
 14
 Continuing our assumption that the Government's insurance company is in liquidation, we turn to this court's opinion in Kock I to ascertain whether the general residual language of clause (6) permits the alteration of the judgment affirmed in that case. If the rationale behind our opinion in the earlier Kock case was that the Government was liable for $100,000 because it had purchased $100,000 worth of insurance (a statutory minimum), then that issue is now the law of the case and the district court erred in reducing the judgment under 60(b)(6). See Maggard v. O'Connell, 703 F.2d 1284 (D.C.Cir.1983) ("A lower court is bound by the mandate of a federal appellate court as the law of the case and, generally, is without power to reconsider issues decided on a previous appeal"). This is because the insurance company's financial posture would be irrelevant and therefore would not "justify[ ] relief from the operation of the judgment." See, e.g., Page v. Schweiker, 786 F.2d 150, 158 (3d Cir.1986); Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 911 (3d Cir.1977); Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir.1977). If, on the other hand, the rationale behind this court's opinion in Kock I was that the Government was liable for $100,000 because it had $100,000 worth of insurance available, then the unavailability of that amount of insurance would indeed be relevant, and therefore might justify a reduction in the amount of the judgment. This is because the assumption underlying the Third Circuit's opinion--that there was $100,000 worth of insurance available--would no longer be true.
 
 
 15
 In analyzing the Medical Malpractice Act in Kock I, Judge Seitz, in writing the opinion of the court, stated:
 
 
 16
 The Act states that the Virgin Islands Commissioner of Health is "authorized and directed" to purchase a malpractice liability insurance policy for all "health care providers" required to be licensed in the Virgin Islands.... "Health care providers" include, inter alia, physicians, nurses, "para-medical personnel," and public and private hospitals.... The insurance policy must provide minimum coverage of $100,000 for each injured patient.... The Government pays the premiums for this insurance for providers "exclusively employed by the Government of the Virgin Islands on a full-time basis ..."
 
 
 17
 We agree with plaintiff that the Virgin Islands legislature, by enacting this statute, intended to expand the waiver of governmental immunity set forth in section 3411(c) of the Tort Claims Act. We can think of no other reasonable explanation for the legislature's inclusion of "public hospitals" within the definition of "health care providers" required to have insurance protection.
 
 
 18
 Kock v. Government of the Virgin Islands, 744 F.2d at 999 (emphasis added).
 
 
 19
 The court also examined the legislative history of the Malpractice Act:
 
 
 20
 The legislative history of the Medical Malpractice Act, when considered in its entirety, is consistent with our holding that the Virgin Islands legislature, in enacting the Malpractice Act, consented to expand the Government's liability for the medical malpractice of its employees.... Were we to limit recovery against the Government, we would rob these workers of the protection they were intended to have.
 
 
 21
 We are aware that many state courts have refused to find a waiver of governmental immunity based on a government's purchase of liability insurance.... None of these courts, however, has confronted a situation similar to our own, in which there is an express general waiver of immunity coupled with a statutory mandate to purchase a particular type of liability insurance.
 
 
 22
 Id. at 1000-01 (emphasis added). The court concluded that the mandatory insurance provision of the Medical Malpractice Act "expands the Government's waiver of immunity under the Tort Claims Act from $25,000 to $100,000 for medical malpractice actions, including actions for wrongful death based on malpractice." Id. at 1002. The court spoke in terms of the "statutory mandate to purchase" liability insurance, and not in terms of liability conditioned upon the availability of insurance.
 
 
 23
 Thus, it is evident that the law of the case is that the Government is liable up to the amount of the statutory minimum of $100,000, and that the judgment entered in Kock I is firm and conclusive. As a consequence, Rule 60(b)(6) is inapplicable because, as stated in Moore's Federal Practice, the Rule must be applied "[s]ubject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside, [and] that clause (6) is not a substitute for appeal...." 7 Moore's Federal Practice Sec. 60.27 (2d ed. 1985). It is intended to be a means for accomplishing justice in extraordinary situations; and so confined, does not violate the principle of the finality of judgments. See, e.g., id.; Page, 786 F.2d at 158; Martinez-McBean, 562 F.2d at 911; Mayberry, 558 F.2d at 1163. Although the notes of the advisory committee on the rules expressly refuse to define substantive law as to the grounds for vacating judgments, see Notes of Advisory Committee on Rules, Fed.R.Civ.P. 60(b), relief in the instant case is not justified as an extraordinary situation because the opinion in Kock I rested on the amount of insurance the Malpractice Act mandated the government to purchase, and not the amount of insurance actually available. We therefore hold that in the absence of fraud or other extraordinary circumstances, the final judgment at law affirmed by the court of appeals in Kock I may not thereafter be modified by the district court under Rule 60(b)(6) on the grounds that the Government's insurance carrier has gone into liquidation.[4]
 
 III.
 
 24
 The plaintiff also argues that the district court erred in dismissing the "complaint in the nature of mandamus." He asserts that because the Government of the Virgin Islands is statutorily exempt from execution pursuant to 5 V.I.C. Sec. 479(a)(4), he has sought to collect the judgment by requests addressed to the Attorney General, including a request that the Attorney General seek special legislation to pay the judgment. He claims, however, that "[the] Attorney General has sidestepped every request and demand for payment." Plaintiff therefore asserts that he has no other recourse than by mandamus compelling the officials of the Government to do what they are bound to do by statute, and refers us to 5 V.I.C. Sec. 1361(a) as authority for the district court to compel the officers of the Government of the Virgin Islands to honor the judgment and pay the plaintiffs the sum of $100,000 together with appropriate interest.
 
 
 25
 The "complaint," although it carries the docket number of the case sub judice, names as defendants Victor Schneider, Acting Attorney General, and Claude Christian, Commissioner of Finance of the Government of the Virgin Islands. No service, however, appears to have been made on them. The Government thereupon filed a motion to dismiss citing jurisdictional defects and other grounds for denial of relief. Plaintiffs filed no response, and therefore the district court's dismissal of the action was consistent with Rule 6(i) of the District Court of the Virgin Islands, which provides that if a party fails to file a response and brief in opposition to a motion, the court may treat the motion as conceded and render whatever relief is asked for in the motion. Under the circumstances, we see no error in entering the order of dismissal without prejudice to the plaintiff's right to initiate appropriate proceedings to enforce payment of the judgment, should this be necessary.
 
 IV.
 
 26
 In summary, a defect in the timeliness and adequacy of notice of the claim of liability against the Virgin Islands may not be raised in a new and independent proceeding by the defendant after a final judgment entered by the district court has been affirmed and the time for reconsideration or appeal has expired. Further, in the absence of fraud or other extraordinary circumstances, the final judgment of the district court approved by the court of appeals in Kock I may not thereafter be modified by the district court under Rule 60(b)(5) or 60(b)(6) on the grounds that the Virgin Islands insurance carrier is in liquidation and that there is insufficient coverage, if any, to pay plaintiff's judgment. Finally, under the circumstances of this case, the district court committed no error in dismissing plaintiff's petition for mandamus.
 
 
 27
 Accordingly, the modified judgment entered on January 9, 1986 will be vacated and the case remanded to the district court with direction to reinstate the May 5, 1983 judgment entered in favor of the plaintiffs for $100,000 with interest. The order of the district court dismissing the complaint in mandamus will be affirmed.
 
 
 28
 Costs taxed against the defendant, Government of the Virgin Islands.
 
 
 
 [1]
 On May 20, 1981, Judge Weber, sitting by designation, entered an order directing that Rudy Perotte's claim as guardian ad litem of the minor daughter be dismissed because under the Wrongful Death Statute no claim for wrongful death on the part of Rudy Perotte as guardian ad litem could be asserted. Despite some initial confusion stemming from the guardian's reappearance in a number of the subsequent pleadings, and the district court's award of $65,000 to the minor daughter "to be paid into the Registry of the Court ... until a guardian of the property of said minor has been duly appointed," it is now clear that Mario Kock is the only party plaintiff in this action. Further, we note in passing that Rudy Perotte's name did not appear in the caption of the earlier Third Circuit opinion in this case
 
 
 [2]
 The pertinent provisions of section 3409 are:
 No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:
 * * *
 b) a claim by an executor or administrator of a decedent who left him or her surviving a husband, wife or next of kin, for damages for a wrongful act ... on the part of the Government by which the decedent's death was caused, shall be filed within ninety days after the appointment of such executor or administrator, or unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the death of the decedent;
 c) ...
 A claimant who fails to file a claim or notice of intention ... within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim.
 Section 3410 provides in pertinent part:
 The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General.... The claim shall state the time when and the place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.
 
 
 [3]
 In ruling on defendant's Rule 60(b) motion the district court did, however, "bear in mind that these plaintiffs (sic) in filing suit pursuant to the Medical Malpractice Act adhered to the procedural steps to be followed in an action under the Virgin Islands Tort Claims Act (33 V.I.C. Sec. 3408 et seq.)."
 
 
 [4]
 In view of the conclusion we reach above, there is no need to address the questions raised in the Government's cross-appeal of (1) whether the district court erred in reducing the judgment to an amount specified in the Tort Claims Act rather than the amount of insurance actually available, and (2) whether, if it was proper for the district court to reduce the judgment to an amount specified in the Tort Claims Act, it was error to find the Government liable in excess of $25,000