

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2005

# Project Mgmt Inst v. Ireland

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1134

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Project Mgmt Inst v. Ireland" (2005). *2005 Decisions.* Paper 693.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/693

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1134
_____

PROJECT MANAGEMENT INSTITUTE, INC.;
HAROLD REEVE, Ph.D.; HUGH WOODWARD

v.

LEWIS R. IRELAND; LEW IRELAND & ASSOCIATES, INC.

Lewis R. Ireland,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-01712)
District Judge: Honorable William H. Yohn, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
August 9, 2005

BEFORE:  RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed August 16, 2005  )

_____

OPINION
_____

PER CURIAM

Lewis Ireland, pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania denying as patently frivolous his motion filed pursuant to Fed. R. Civ. P. 60(b). For the reasons that follow, we will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. In March 2003, Project Management Institute and two of its former board chairmen ("PMI") filed an action against Lewis R. Ireland ("Ireland") and his corporation alleging civil contempt, wrongful use of civil proceedings, and abuse of process. The District Court granted PMI's motion for summary judgment on Ireland's liability for civil contempt, but denied summary judgment on liability as to the wrongful use of civil proceedings and abuse of process claims. The District Court later entered an order in favor of PMI on all counts, in accordance with a stipulated judgment agreed upon by all parties. Several months later, Ireland filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "based on Fraud and Misrepresentation committed by Plaintiffs' Counsel." The District Court denied the motion as patently frivolous. Ireland appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. The appeal from the order denying the motion for relief from a judgment under Rule 60(b) brings up only the correctness of the order denying that motion, not the underlying order. See Torres v. Chater, 125 F.3d 166, 168 (3d Cir. 1997). Moreover, we review the District Court's denial of a Rule 60(b) motion for abuse of discretion. See Coltec Indus. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002).

In his motion for relief under subparagraph (b)(3) of Rule 60,[1] Ireland contends that he is entitled to relief from judgment because PMI, through its attorney, provided incorrect and inconsistent answers to interrogatories. To prevail on a Rule 60(b)(3) motion, the moving party must establish that the adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting his case. See Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983). Rule 60(b)(3) relief is available for misconduct in discovery. Id. However, when, as here, the "defendants made a free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment their burden under Rule 60(b) is perhaps even more formidable than had they litigated and lost." Philadelphia Welfare Rights Org. v. Shapp, 602 F.2d 1114, 1120 (3d Cir. 1979).

Ireland has not demonstrated how he has been prevented him from fully and fairly presenting his case. PMI's complaint in this case involved allegations that Ireland

---

[1] Ireland also cited Rule 60(b)(6), a "catchall" clause that is "intended to be a means for accomplishing justice in extraordinary situations." Kock v. Government of the Virgin Islands, 811 F.2d 240, 246 (3d Cir. 1987). Because, as explained below, the District Court properly found that Ireland was not entitled to relief under Rule 60(b)(3), his reliance on Rule 60(b)(6) is unavailing. See Landano v. Rafferty, 897 F.2d 661, 682 (3d Cir. 1990)
(noting that "[g]enerally [Rule 60(b)(6)] requires that the petitioners make 'a more compelling showing of inequity or hardship' than normally would be required to reopen a case under subsections (1) through (5).") (internal citation omitted). For similar reasons, Ireland has not adequately demonstrated that PMI committed fraud on the court. See State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004) (recognizing that "same principles [used in evaluating Rule 60(b)(3) motions] apply when a movant seeks to set aside a judgment on the basis of fraud on the court").

violated a May 23, 2000, court-approved consent decree by filing a lawsuit in Colorado against PMI in October 2001. Importantly, the allegedly "false information" provided by PMI in its interrogatory answers is not material to the issues presented in the complaint, raised in PMI's summary judgment motion, or addressed in the stipulated judgment. For example, Ireland complains that the interrogatory answers incorrectly refer to "Project Management, Inc." rather than "Project Management Institute, Inc."; that two PMI volunteer officials listed as witnesses in this case were incorrectly identified as defendants in the Colorado action; and that the billing records of PMI's attorney indicate that information in the interrogatories could not have been verified with PMI officials. Nowhere, however, does Ireland explain how these purported misrepresentations interfered with his ability to defend against PMI's claims or affected his decision to settle the case.

It is noteworthy that Ireland was in possession of the interrogatory answers before PMI filed its motion for summary judgment, and well before he agreed to the stipulated judgment. Nevertheless, Ireland did not meaningfully challenge the interrogatory responses until several months after the entry of judgment, even though he was aware of the allegedly "false information" in the responses before he agreed to the settlement.[2]

---

[2] Ireland alleges that he "raised the issue of false statements (perjury)" at a hearing on February 2, 2004, the day the settlement was reached. Appellant's Brief, 3. The transcript of that hearing indicates that in a sidebar discussion Ireland briefly mentioned his desire to "charge the plaintiffs with perjury" and was advised by the court that "perjury is a criminal prosecution." Notably, however, Ireland did not pursue the issue further, signed the stipulated judgment later that day, and in a colloquy with the Court

Given our "overriding interest in the finality of judgments," <u>Mayberry v. Maroney</u>, 529 F.2d 332, 336 (3d Cir. 1976) (Gibbons, J., concurring), Ireland's neglect in contesting the interrogatories despite a full and fair opportunity to do so is significant. <u>Cf.</u> <u>Bandai America Inc. v. Bally Midway Mfg. Co.</u>, 775 F.2d 70, 73 (3d Cir. 1985) (denying relief from settlement and judgment where moving party failed to demonstrate that it thoroughly pursued alleged misrepresentations).

In sum, the District Court did not abuse its discretion in denying Ireland's Rule 60(b) motion, and we will affirm the order denying post-judgment relief. Ireland's "Motion for Summary Judgment" seeking relief in this Court on the basis of PMI's alleged failure to timely file its brief and appendix is denied.

---

stated that he understood that the case would be closed.