**Frank GIBBS, Jr., Plaintiff-Appellant,**

v.

**MAXWELL HOUSE, A DIVISION OF GENERAL FOODS CORPORATION, Defendant-Appellee.**

No. 83–3663.
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

August 9, 1984.

**1154**

Deitra Micks, Stephen Pajcic, Jacksonville, Fla., for plaintiff-appellant.

Richard R. Boisseau, Kilpatrick & Cody, L. Dale Owens, Atlanta, Ga., William S. Ostan, White Plains, N.Y., for defendant-appellee.

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Frank Gibbs, the plaintiff below, was employed as a "green coffee dumper" by the Maxwell House Division of the General Foods Corporation in Jacksonville, Florida. There were some labor difficulties at the Maxwell House plant and in the aftermath Gibbs was fired. Gibbs, who is black, alleged that he was discharged because of his race; he brought suit against Maxwell House on March 11, 1980, under a number of theories.[1]

The parties were dilatory in undertaking discovery and in order to expedite the case the district court entered an order on April 30, 1982, which set the pretrial conference for June 25, 1982, in Jacksonville. The April 30 order directed counsel for plaintiff to initiate and participate in a meeting with counsel for Maxwell House and to prepare a pretrial stipulation for use at the pretrial conference and trial. The court's June 25 pretrial conference was attended by counsel for plaintiff and two Maxwell House lawyers who had flown from New York to Jacksonville for the hearing. At the conference the district court found that plaintiff's counsel had not complied with the April 30, 1982, order: she had not initiated or participated in a meeting with counsel for Maxwell House or prepared a pretrial stipulation.[2] The court then continued the pretrial conference, ordered plaintiff to pay Maxwell House counsel the cost of one roundtrip airline ticket from New York to Jacksonville as a sanction, and stated that prosecution of the case would be stayed until the sanction was paid. Shortly thereafter, the court entered a written order setting forth its findings that plaintiff's counsel had failed to comply with the court's instructions and thus had rendered useless the pretrial conference. The order repeated the sanctions which the judge had imposed orally at conference.

The sanction remained unpaid after sixty days. On September 9, 1982, the court entered an order requiring plaintiff to show cause within ten days why the action should not be dismissed with prejudice. Plaintiff failed to show cause within ten days and on October 12, 1982, the district court entered an order dismissing the case with prejudice for lack of prosecution under rule 3.10, Rules of United States District Court, Middle District of Florida.[3] On

---

1. Plaintiff initially filed a discrimination charge with the Equal Employment Opportunity Commission which issued a right to sue letter. Gibbs brought claims under the thirteenth and fourteenth amendments; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) (1976 & Supp. V 1981); 42 U.S.C. §§ 1981, 1982, 1988 (1976 & Supp. V 1981) and state contract law.

2. Plaintiff's counsel had discussed a possible meeting with Maxwell House's counsel on the telephone, but nothing productive had come from the discussion. The district court found

the materials that plaintiff's counsel submitted to it at the pretrial conference to be of little help.

3. The rule states:
   FAILURE TO PROSECUTE: DISMISSAL
   (a) Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

October 22, 1982, plaintiff moved the court, pursuant to Fed.R.Civ.P. 59 and 60, to reconsider its judgment of dismissal. While that motion was pending plaintiff, on November 10, 1982, filed a notice of appeal to this court. We held that notice faulty because it was filed during the pendency of a rule 59 motion. *Gibbs v. Maxwell House,* 701 F.2d 145 (11th Cir.1983) (interpreting plain language of Fed.R.App.P. 4(a)4). The district court denied plaintiff's motion on November 24, 1982. Plaintiff failed to take a timely appeal from this November 24 denial, but on January 24, 1983, plaintiff filed a motion for an extension of time to file notice of appeal. This was filed after the time permitted for such motions had elapsed, but the district court entertained the motion anyway. The motion stated that plaintiff's counsel had a "good faith misunderstanding" of Fed.R.App.P. 4 and failed to file a timely appeal for that reason. The court denied the motion, concluding that plaintiff had failed to show excusable neglect or good cause for failure to file a timely notice of appeal.

On September 21, 1983, plaintiff filed in the district court a second motion seeking relief under Fed.R.Civ.P. 60(b) from the judgment of dismissal. The motion requested relief from the judgment of dismissal because "the judgment has been satisfied" and "it is no longer equitable that the judgment shall have any prospective application." The gist of the motion was that because the sanction was paid in early 1983 the case should be reinstated. The district court denied this motion, plaintiff took a proper appeal, and the propriety of the district court's denial of the second rule 60(b) motion is before this court.[4]

Plaintiff's brief is devoted to an attack on the merits of the original judgment of dismissal, but that is not an issue here. In *Jackson v. Seaboard Coast Line Railroad Co.,* 678 F.2d 992, 1021 (11th Cir.1982), we explained that " 'an appeal from a denial of Rule 60(b) relief does not bring up the underlying judgment for review.... An appellant may attack the underlying judgment only on direct appeal from the judgment itself." (Citations omitted.) This is true even if the underlying judgment is erroneous. *Gary W. v. State of Louisiana,* 622 F.2d 804, 805 (5th Cir. 1980), *cert. denied,* 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981); *accord Alvestad v. Monsanto Co.,* 671 F.2d 908 (5th Cir. Unit A), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982). Our review is limited solely to the district court's discretion in denying the second rule 60(b) motion.

The district court did not abuse its discretion in denying the second rule 60(b) motion. Plaintiff claims that grounds for rule 60(b)(5) relief exist because through payment of the airfare "the judgment ha[d] been satisfied." To the contrary, the airfare was a sanction and did not "satisfy" the judgment of dismissal. The section of rule 60(b)(5) which provides relief when judgments are satisfied applies when damages are paid before trial or a tortfeasor or obligor has paid the judgment debt. *See Johnson Waste Materials v. Marshall,* 611 F.2d 593, 599 (5th Cir.1980); *Caraway v. Sain,* 23 F.R.D. 657, 660 (N.D. Fla.1959).

The second ground through which plaintiff seeks rule 60(b)(5) relief is that "it is no longer equitable that the judgment shall have any prospective application." This provision of rule 60(b) is equally inapposite. The judgment of dismissal in this case was not prospective within the meaning of 60(b)(5). It was final and perma-

---

4. Maxwell House claims that this second rule 60(b) motion is totally duplicitous of the first, and is merely an attempt to get the merits of the dismissal before this court even though the issue is barred for failure to take a timely appeal. Fed.R.Civ.P. 60(b)(6) permits relief from a judgment or order for "any other reason justifying relief from the operation of the judgment."

Plaintiff alleges that the payment of the sanction falls within this 60(b)(6) catch-all and differentiates the first motion from the second. We conclude that this point has some merit and, accordingly, decide this appeal on the merits rather than dismissing it because the second motion was duplicitous.

nent. *See Cook v. Birmingham News,* 618 F.2d 1149, 1152 (5th Cir.1980) (60(b)(5) provides relief for tentative, provisional judgments). That plaintiff remains bound by the dismissal is not a "prospective effect" within the meaning of rule 60(b)(5) any more than if plaintiff were continuing to feel the effects of a money judgment against him.

AFFIRMED.