Robert L. DOWELL, et al., Plaintiffs,

v.

The BOARD OF EDUCATION OF the OKLAHOMA CITY PUBLIC SCHOOLS, INDEPENDENT DISTRICT NO. 89, et al., Defendants.

No. CIV-61-9452-B.

United States District Court, W.D. Oklahoma.

Jan. 2, 1992.

Norman J. Chachkin, NAACP Legal Defense Fund, New York City, John W. Walker of John W. Walker, P.A., Little Rock, Ark., Lewis Barber, Jr. of Barber & Marshall, P.A., Oklahoma City, Okl., and Janell M. Byrd, Washington, D.C., for plaintiffs.

Charles J. Cooper, Peter J. Ferrara, Ellen M. Jakovic, and Michael W. Kirk of Shaw, Pittman, Potts & Trowbridge, Washington, D.C., and Laurie W. Jones of Fenton, Fenton, Smith, Reneau & Moon, of counsel, Oklahoma City, Okl., for defendants.

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b)(5) AND (b)(6)

BOHANON, District Judge.

This matter comes before the court on Plaintiffs' motion for leave to file motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b)(5) and (b)(6) filed on December 4, 1991. Defendant Oklahoma City Board of Education ("Board") filed its response to the instant motion on December 18, 1991, in which it states it has no objection to the motion for leave to file motion for relief from judgment and further addresses the merits of Plaintiffs' motion for relief from judgment. The court has reviewed both Plaintiffs' motion for leave to file motion for relief from judgment and the attached motion for relief from judgment. After careful review and considera-

tion, the court finds that Plaintiffs' motion for relief from judgment is wholly without merit. The court therefore denies Plaintiffs' motion for leave to file the motion for relief from judgment.

On January 15, 1991, the United States Supreme Court remanded this case for further proceedings in this court, stating:

> [W]e think that the preferable course is to remand the case to [the district] court so that it may decide, in accordance with this opinion, whether the Board made a sufficient showing of constitutional compliance as of 1985, when the SRP [Student Reassignment Plan] was adopted, to allow the [desegregation decree] to be dissolved. The District Court should address itself to whether the Board had complied in good faith with the desegregation decree since it was entered, and whether the vestiges of past discrimination had been eliminated to the extent practicable.

*Board of Educ. v. Dowell,* —— U.S. ——, 111 S.Ct. 630, 638, 112 L.Ed.2d 715 (1991) (footnotes omitted).

Since the case was returned to this court's docket, the court has faithfully, diligently and carefully adhered to the instructions handed down by the Supreme Court notwithstanding Plaintiffs' repeated requests for further discovery and an evidentiary hearing on matters which fell outside the Supreme Court mandate. Because the evidence sought to be discovered and subsequently introduced was irrelevant to this court's further inquiry, the court denied all requests for further discovery and an evidentiary hearing.

On November 7, 1991, this court issued a final judgment in this case, holding that the Board had fulfilled all of its responsibilities under this court's 1972 desegregation decree and was entitled to have the decree dissolved as of 1985. The court also found that the Student Reassignment Plan ("SRP") was adopted without discriminatory intent. The court consequently dismissed the case.

On December 4, 1991, less than 30 days after the judgment was issued, Plaintiffs in this case filed the present motion for leave to file a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(5) and (b)(6). Rule 60(b)(5) allows a court to grant relief from a judgment where "it is no longer equitable that the judgment should have prospective application." Rule 60(b)(6) allows a court to grant such relief "for any other reason justifying relief from the operation of the judgment."

Plaintiffs offer as the bases for their motion a number of developments occurring after 1987 that they contend "raise very serious questions as to the continuing accuracy of the conclusions supporting" this court's judgment entered on November 7.[1] Plaintiffs contend that these post–1987 developments warrant further discovery and an evidentiary hearing "to resolve the issue whether it is equitable that the judgment continue to bar Plaintiffs' efforts to fully remedy the effects of the dual system." Pl. Br. at 2. Plaintiffs argue that these post–1987 developments establish "the inequity of adhering to a judgment that prematurely cut Plaintiffs off from full relief for the harm resulting from Defendants' longstanding operation of a racially segregated and racially discriminatory school system." Pl. Br. at 2–3.

■ Plaintiffs' motion is wholly without merit as a matter of law and therefore should be denied. Plaintiffs' motion must be denied under either Rule 60(b)(5) or (b)(6) because the relief requested is contrary to the applicable substantive law. As this court held in its November 7 decision, the Supreme Court's remand instructions in this case clearly directed this court to decide whether the Board was entitled to have the desegregation decree dissolved as of 1985, when it implemented the SRP. *Dowell v. Board of Educ.,* 778 F.Supp. 1144, 1151–52 (1991). This court carefully followed those instructions in deciding the decree was to be considered dissolved as of 1985. As this court also held in its Novem-

---

**1.** Brief in Support of Plaintiffs' Motion for Relief From Judgment Pursuant to Fed.R.Civ.P. 60(b)(5) and (b)(6) at 2 (hereinafter "Pl. Br.").

ber 7, decision, the well-established law in school desegregation cases provides that once a court finds that a school district has fully corrected its past violations and dissolves the district's desegregation decree, the legality of the school board's actions are to be evaluated based on whether they are motivated by discriminatory intent and thus constitute a new equal protection violation. *Dowell,* 778 F.Supp. at 1179–81.[2] Indeed, the Supreme Court's remand instructions in this case make clear that if the Board did have the right to dissolution of the desegregation decree as of 1985 was to be evaluated based on these very principles. 111 S.Ct. at 638.

 But Plaintiffs argue in their motion that after a school district has fully remedied its violation and its decree has been dissolved, the Plaintiffs can go back under Rule 60(b) and have the district's right to those results reevaluated based on later developments, applying the pre-unitary legal standards. Plaintiffs' view is directly contrary both to the well-established substantive law in this area and to the Supreme Court's remand instructions in this case applying that law. It would in fact nullify any meaning in a judgment dissolving a desegregation decree and terminating a case, effectively leaving in force in perpetuity the pre-dissolution, remedial effects test, rather than the usual intent test, for measuring the legality of school board actions.

Rule 60(b) provides no basis for countermanding the applicable substantive law and the Supreme Court's particular remand instructions in this case. Plaintiffs are free to bring a new suit challenging the Board's post–1987 actions; they have no right to relief under Rule 60(b)(5) or (b)(6) on the grounds that the November 7 decision is somehow inequitable or on any other grounds.

 Furthermore, beyond the points above, Plaintiffs cannot obtain relief under Rule 60(b)(5) because the November 7 judg-ment does not have the required prospective application. It is quite clear that Rule 60(b) is simply inapplicable to this case. The purpose of the provision of Rule 60(b)(5) under which Plaintiffs move is to provide relief from a judgment imposing a continuing remedy, such as an injunction or a declaratory judgment, where changing circumstances over time have rendered the continuing remedy inequitable under the law, or where a new factor has arisen showing that the continuing remedy was imposed erroneously. *Kock v. Government of Virgin Islands,* 811 F.2d 240, 244 (3rd Cir.1987) ("This language refers primarily to the prospective effect of decrees of a court of equity which, although properly entered, with the passage of time and changing conditions require modification."). 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.26[4] (2d ed.1991); 11 *C. Wright & A. Miller, Federal Practice and Procedure: Civil* § 2863, at 204–210 (1973) (The provision "refers to some change in conditions that makes continued enforcement inequitable." *Id.* at 206–207).

Consequently, the provision applies only to cases of prospective application, as it states by its own terms. The meaning of prospective application was recently defined in *Twelve John Does v. District of Columbia,* 841 F.2d 1133 (D.C.Cir.1988). In that case, plaintiffs had sued the District of Columbia for unconstitutional conditions in the District's prisons, naming the United States Attorney General as an additional defendant because of his special statutory authority over the District's convicts. The Attorney General successfully moved for dismissal on the grounds that effective control over the prisons and their inmates under the law was held by District officials. Eight years later after the District had failed to comply with consent decrees settling the initial litigation, the plaintiffs moved under Rule 60(b)(5) for relief from the earlier order dismissing the Attorney General, asking that he be reinstated in the

---

**2.** *See also Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977); *Washington v. Davis,* 426 U.S. 229, 239, 240, 96 S.Ct. 2040, 2047, 2048, 48 L.Ed.2d 597 (1976); *United States v. Overton,* 834 F.2d 1171, 1175 (5th Cir.1987); *Riddick v. School Bd.,* 784 F.2d 521, 538–539 (4th Cir.1986).

**578**

case as a defendant. The District Court granted the motion because, it said, the earlier order "would otherwise continue to have the inequitable 'prospective effect' of precluding renewal of the plaintiffs' claim against him notwithstanding ... changed circumstances...." 841 F.2d at 1137.

The D.C.Circuit, however, reversed on the grounds that the earlier order did not have the prospective application required under Rule 60(b)(5), saying:

> Thus, the standard we apply in determining whether an order or judgment has prospective application within the meaning of Rule 60(b)(5) is whether it is "executory" or involves "the supervision of changing conduct or conditions," within the meaning of *Wheeling* [3] and *Swift.*[4] Under this standard, we have no difficulty concluding that the order dismissing the Attorney General in *Twelve John Does* did not have the requisite prospective application. The order did not compel him to perform, or order him not to perform, any future act; it did not require the court to supervise any continuing interaction between him and the other parties to the case; rather, it definitively discharged the Attorney General from any further involvement in the case.
>
> Indeed, under the analysis of *Wheeling* and *Swift,* it is difficult to see how an unconditional dismissal could ever have prospective application within the meaning of Rule 60(b)(5). This view of the rule is generally supported by the case law of other circuits.

841 F.2d at 1139.

Similarly, in *Gibbs v. Maxwell House,* 738 F.2d 1153 (11th Cir.1984), the plaintiff moved under Rule 60(b)(5) for relief from an order dismissing a discrimination complaint with prejudice for lack of prosecution. The plaintiff argued that because a sanction for failure to comply with the court's procedural orders had now been paid, "it is no longer equitable that the judgment shall have any prospective application" in barring plaintiff's claim. 738 F.2d at 1155. The district court denied the motion and the 11th Circuit affirmed, saying:

> The judgment of dismissal in this case was not prospective within the meaning of 60(b)(5). It was final and permanent.... That plaintiff remains bound by the dismissal is not a 'prospective effect' within the meaning of Rule 60(b)(5) any more than if plaintiff were continuing to feel the effects of a money judgment against him.

*Id.* at 1155–56.

In *Cook v. Birmingham News,* 618 F.2d 1149 (5th Cir.1980), discrimination claims had been settled by a consent decree that effectively only required the defendant company to pay certain back pay and attorneys' fees. When the company also later adjusted seniority rights for the black plaintiffs, the union moved under Rule 60(b)(5) for clarification that the consent decree did not authorize the company to depart from the seniority system required under contract with the union. The Fifth Circuit reversed the lower court's granting of the motion on the grounds that the consent decree did not have any prospective effect under Rule 60(b)(5), though the union could presumably bring a breach of contract claim against the company.[5]

Under these standards, the November 7 judgment clearly has no prospective application, and relief from it consequently can-

---

**3.** *State of Pennsylvania v. Wheeling & Belmont Bridges,* 59 U.S. (18 How.) 421, 15 L.Ed. 435 (1856).

**4.** *United States v. Swift & Co.,* 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932).

**5.** *See also Bailey v. Ryan Stevedoring Co.,* 894 F.2d 157 (5th Cir.), *cert. den.* — U.S. —, 111 S.Ct. 89, 112 L.Ed.2d 61 (1990) (Court refused relief under Rule 60(b)(5) from an order denying attorney's fees, even though governing law

had changed, because the order did not have prospective effect); *Marshall v. Bd. of Educ.,* 575 F.2d 417 (3rd Cir.1978) (After Supreme Court ruled that Federal law requiring overtime pay did not apply to state and local employees, district court modified its earlier contrary ruling only prospectively, leaving in force past award of overtime pay, and Third Circuit affirmed on grounds that Rule 60(b)(5) empowers a court to modify a judgment only if it is prospective or executory).

not be granted under Rule 60(b)(5). The judgment is in no sense executory, nor does it involve the supervision of changing conduct or conditions. The judgment does not order any party to perform, or not to perform, any future act. The judgment imposes no injunction or remaining obligation upon Plaintiffs from which they may seek relief. The judgment merely decided and dismissed Plaintiffs' remaining claims, as in *Twelve John Does, Gibbs*, and other cases finding no prospective application. Rather than having a *prospective* application, the November 7 judgment instead "definitively discharges" the school board "from any further involvement in the case," just as the Attorney General was definitively discharged in *Twelve John Does*. And just as the courts stated in *Twelve John Does* and *Gibbs*, the mere fact that Plaintiffs are bound by the November 7 judgment of dismissal, just as the parties to any judgment are bound, does not mean the judgment has prospective application under Rule 60(b)(5).

Indeed, in the present case there is not even a judgment, let alone a prospective judgment, relating to the post–1987 developments Plaintiffs raise in their motion. This court's ruling concerned only the Board's conduct as of 1985, as the Supreme Court's remand instructions required; the court has not made any decision regarding the Board's post–1987 actions. As noted earlier, Plaintiffs remain free to bring a new action concerning such post–1987 issues. By contrast, in *Gibbs, Bailey,* and *Marshall,* the parties seeking relief were effectively precluded from otherwise pursuing the particular claims in those cases,[6] and yet the Rule 60(b)(5) motion was nevertheless denied because the judgment sought to be modified was not prospective.

In sum, Plaintiffs here are in the same posture as any other plaintiff who has received a full and complete remedy for the violations alleged and adjudicated. If a plaintiff wins a slip and fall case, the plaintiff must bring a new action for a second slip and fall on the same defendant's property, not move under Rule 60(b)(5) to modify the judgment in the first case to add compensation for the second claim. Similarly, this court has previously ruled that Plaintiffs have received a full and complete remedy for their discrimination claim brought in 1961. For any post–1987 developments that Plaintiffs believe are discriminatory, they must bring a new action alleging a new constitutional violation, not move under Rule 60(b)(5) to add further relief for their initial 1961 claim.

■ In addition, Plaintiffs cannot obtain relief under Rule 60(b)(6) because they have not shown, and cannot show, the required extraordinary circumstances. The Supreme Court has clearly limited relief under Rule 60(b)(6) to cases involving "extraordinary circumstances." *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 2203, 100 L.Ed.2d 855 (1988) (Rule 60(b)(6) "should only be applied in 'extraordinary circumstances'"). Wright and Miller summarize the circumstances under which relief is usually granted under Rule 60(b)(6) as follows:

> In general, relief is given under clause (6) in cases in which the judgment was obtained by the improper conduct of the party in whose favor it was rendered or the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the earlier clauses of the rule.

---

**6.** In *Twelve John Does*, the plaintiffs had no other way of subjecting the Attorney General to the claims in their ongoing cases regarding the particular D.C. prisons at issue in those cases. In *Gibbs*, the plaintiff was precluded from bringing any further action on his discrimination claim after dismissal with prejudice for lack of prosecution. In *Bailey*, the plaintiff had no other way to obtain the denied attorney's fees. In *Marshall*, the defendant had no other way of recouping the overtime compensation it had been erroneously forced to pay. Moreover, in *Twelve John Does*, the court left open the possibility that the order dismissing the Attorney General might preclude any new action against him in regard to the prisons at issue in the case. 841 F.2d at 1142 n. 7.

11 *C. Wright and A. Miller, supra,* § 2864 at 213. *Klapprott* further illustrates the sort of circumstances that will be considered extraordinary justifying relief under the Rule. In that case, the petitioner was an alien who moved for relief from a default judgment four years earlier canceling his naturalization certificate. The court granted the relief under Rule 60(b)(6) because at the time of the earlier proceeding, the petitioner was in jail, seriously ill, penniless, and without counsel. He, therefore, was effectively precluded from participating in the matter. In *Liljeberg,* the court found extraordinary circumstances because after the judgment from which relief was sought the judge was found to have had a direct conflict of interest in the case in violation of applicable Federal law.

In contrast, in *Ackermann* the alien petitioner moved for relief from a judgment entered four years earlier canceling his certificate of naturalization, after his brother-in-law obtained a reversal of the cancellation of his certificate on substantially the same facts. The court denied relief under Rule 60(b)(6) because the petitioner fully litigated his case, was represented by counsel, was not imprisoned at the time, had financial resources, and chose not to appeal. Similarly, in *Bailey* the court did not find extraordinary circumstances justifying relief from a denial of attorney's fees, even though the governing law had changed and would probably now allow the fees to be granted.

Particularly instructive is *Kock v. Government of Virgin Islands,* 811 F.2d 240 (3rd Cir.1987). In that case, the court granted damages against a government hospital for medical malpractice up to the limits of the insurance policy the hospital was required to purchase by law. Before the judgment was paid, however, the hospital's insurer went into bankruptcy, and the hospital moved for relief from the judgment under Rule 60(b)(6). The court held that such relief was not warranted because the prior judgment was based on the statutory requirement to purchase insurance, and not on the ability of the insurer to pay the claim. The change in circumstances offered as the basis for relief was consequently not relevant to the prior decision, and, therefore, could not justify relief from the judgment under Rule 60(b)(6).

Moreover, in *Twelve John Does,* the plaintiff sought relief from the dismissal of the Attorney General under 60(b)(6) on the grounds that the prison population crisis for which the plaintiffs held the Attorney General partly responsible had worsened so substantially since the Attorney General's dismissal at the start of the case. But the D.C. Circuit held that since prison overcrowding had been a central issue in the suit from the beginning, the worsening problem did not represent "the type of extraordinary change in circumstances" necessary for relief under Rule 60(b)(6). 841 F.2d at 1141. *See also id.* at 1141–42.

Clearly, Plaintiffs have not shown here and cannot show the extraordinary circumstances necessary to justify relief under Rule 60(b)(6). Plaintiffs were able to and did fully litigate the judgment from which they now seek relief, including the question whether the post–1987 developments they raise here were relevant to that judgment. The Defendants engaged in no improper conduct, nor the Plaintiffs in any neglect, excusable or otherwise, in the case leading to the judgment. Plaintiffs have also now appealed the judgment. Plaintiffs in addition are free to bring a new action concerning the post–1987 developments they raise here alleging a new constitutional violation, which is all that they are entitled to under the applicable substantive law.

Perhaps most strikingly, Plaintiffs have not raised any change in conditions regarding whether the Board was entitled as of 1985 to have the 1972 desegregation decree dissolved, which was the focus of the November 7 judgment. As this court has expressly held, the alleged post–1987 developments Plaintiffs raise here are not relevant to the November 7 decision regarding the Board's right to dissolution of the decree. Consequently, since the change in circumstances offered as the basis for relief was not relevant to the prior decision, that change cannot justify relief from the judgment under Rule 60(b)(6). Moreover, since Plaintiffs have failed to show any

relevant change in circumstances, they have not shown the extraordinary change in circumstances required under *Twelve John Does.*

In conclusion, as a matter of law, therefore, Plaintiffs have no grounds for relief from the November 7 judgment under either Rule 60(b)(5) or (b)(6). As Plaintiffs point out in their motion or leave to file a motion for relief from judgment, in its November 7 judgment, the court directed "the court clerk to refrain from filing any further applications to reopen this case without the court's prior approval." *See* Order, Judgment and Decree at ¶ 4. Plaintiffs' motion for leave to file their motion has presented a unique opportunity for the court to review the allegations offered as justification for relief from the judgment. The court has reviewed Plaintiffs' allegations and finds them, even if true, to be deficient as a matter of law. As a result, even though the Board has no objection to the filing of the motion for relief from judgment, the court considers its denial of Plaintiffs' motion for leave to file their motion for relief from judgment to be the preferable course. Plaintiffs will be, of course, free to pursue their appeal from this court's November 7, 1991, memorandum opinion and judgment.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' motion for leave to file motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(5) and (b)(6) is DENIED.