[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12303
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:04-cv-00562-CLS-HGD


WENDELL F. GILLEY,
an individual and as class representative,

                                                          Plaintiff-Appellant,


versus


MONSANTO COMPANY INC.,
a corporation,
MONSANTO COMPANY SALARIED EMPLOYEES' PENSION PLAN,
EMPLOYEE BENEFITS PLAN COMMITTEE,
PHARMACIA CORPORATION,
a corporation,
MONSANTO COMPANY EMPLOYEE BENEFITS EXECUTIVE
COMMITTEE,

                                                          Defendants-Appellees.
                    _____


Appeal from the United States District Court
for the Northern District of Alabama
                    _____


(May 31, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Following two previous appeals to this Court,[1] Wendell F. Gilley appeals the district court's denial of his motions for relief from judgment under Fed. R. Civ. P. 60(b) and (d) and for attorneys' fees. In his third appeal, Gilley argues the district court abused its discretion by denying his motion for relief from judgment under Rule 60(b)(3), (4), (5), and (6) and under Rule 60(d)(3). Gilley also claims the district court abused its discretion by denying his request for attorneys' fees and costs. After review, we affirm.[2]

## I.

Gilley contends the district court should have granted relief because the defendants schemed to usurp the court's jurisdiction to deprive Gilley and others of their vested rights to a pension governed by the Employee Retirement and Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*.

---

[1] *See Gilley v. Monsanto Co.*, 490 F.3d 848 (11th Cir. 2007); *Gilley v. Monsanto Co.*, 309 F. App'x 362 (11th Cir. 2009).

[2] We review for abuse of discretion the district court's denial of a Rule 60(b) motion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008). However, we review *de novo* a district court's ruling on a Rule 60(b)(4) motion because the question of the validity of a judgment is a legal one. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).

Rule 60(b) allows a party to request relief from a final judgment. The appellant must "demonstrate a justification so compelling that the court was required to vacate its order." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). In relevant part, Rule 60(b) provides the following grounds for relief:

(3)     fraud . . . , misrepresentation, or misconduct by an opposing party;
(4)     the judgment is void;
(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(d), a savings clause, provides that Rule 60 does not limit the court's power to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3).

Rule 60(c) requires that a Rule 60(b) motion "be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1). Nevertheless, an independent action for "fraud on the court" under Rule 60(d) may be brought at any time. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337-38 (5th Cir. 1978).

The district court did not abuse its discretion by denying Gilley's motion for relief from judgment. To the extent Gilley sought relief under Rule 60(b)(3), his

motion was untimely because it was filed more than a year after the district court's order dismissing the action. Fed. R. Civ. P. 60(c)(1). Furthermore, Gilley's allegations of fraud were merely a rehash of arguments previously considered and rejected by both this Court and the district court. Relief under Rule 60(b)(4) was not appropriate because Gilley identified no jurisdictional or other defect that would render the judgment void. Relief under Rule 60(b)(5) was likewise inappropriate because the district court's judgment dismissing the action for lack of standing has not been satisfied, released, discharged, reversed, or vacated. Moreover, the district court's order was final, permanent, and had no prospective effect within the meaning of Rule 60(b)(5). *See Gibbs v. Maxwell House, Div. of Gen. Foods Corp.*, 738 F.2d 1153, 1156 (11th Cir. 1984) ("That [the] plaintiff remains bound by the dismissal is not a 'prospective effect' within the meaning of rule 60(b)(5) any more than if plaintiff were continuing to feel the effects of a money judgment against him."). Finally, Gilley failed to identify an "exceptional circumstance" warranting relief under Rule 60(b)(6). *See Cavaliere*, 996 F.2d at 1115 (noting relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances").

Additionally, the record fails to reveal any evidence of fraud on the court. Gilley's evidence of "fraud" stems entirely from a purported scheme among the

defendants to deny pension benefits to former employees. Gilley offers only a rehash of previously rejected arguments. Furthermore, in relying on a conflict of interest and "bias" among the defendants, Gilley fails to identify any improper misconduct designed to influence the decision of a court. *See Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (stating fraud between the parties is not fraud on the court). Accordingly, the district court did not abuse its discretion by denying relief under Rule 60(d)(3).

## II.

Gilley also argues the district court erred by denying his request for attorneys' fees and costs.[3] Although Gilley asserted in the district court that he was entitled to fees and costs under 28 U.S.C. § 1927 and Rule 11, Gilley argues on appeal only that he was entitled to fees and costs under ERISA and the court's inherent authority to sanction a party. Because Gilley failed to seek fees or costs under ERISA or under the district court's inherent authority before the district court, we decline to address these issues. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (stating this Court will not consider an issue not raised before the district court).

---

[3] Throughout Gilley's brief, his counsel refers to herself as "Plaintiff's Representative" and seeks relief on her own account by including herself as a party to the appeal. Counsel cites no authority for granting relief to her personally, and we decline to do so.

**AFFIRMED.**