[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14909
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-01337-WSD

CHARLES W. GOODE,
On behalf of himself and all non-exempt Employees
of Wild Wing Cafe both past & present who consent to
representation,

Plaintiff-Appellant,

KATRENIA CHARLENE GOODE,

Interested Party-Appellant,

versus

WILD WING CAFE,
d.b.a. Tapps Two LLC, et al.,

Defendants,

WINGS OF ALPHARETTA, INC.,
GREG DOCKERY,
individually,
VIPUL PATEL,
individually, and other,

JOHN DOE(S) OWNERS, individually,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 6, 2014)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Goode appeals the grant of summary judgment in favor of Wings of

Alpharetta, Inc., as well as the denial of two post-judgment motions pursuant to

Federal Rule of Civil Procedure 60(b)(3).  He also appeals the district court's grant

of attorney's fees under 28 U.S.C. § 1927.  After review of the record and the

parties' briefs, we affirm in part and dismiss in part.[1]

**I**

Because we write for the parties, we assume familiarity with the underlying

facts of the case and recite only what is necessary to resolve this appeal.

Mr. Goode sued Wings, his former employer, asserting (among other things)

discrimination claims under Title VII of the Civil Rights Act of 1964 and 42

---

[1] Because Mr. Goode's appeal, insofar as it was timely filed, focuses largely on his challenge of the district court's own sanctions order, we exercise our discretion to deny Wings' motion for sanctions pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912.

U.S.C. § 1981. Wings ultimately moved for summary judgment on these claims, arguing that Mr. Goode failed to establish a prima facie case of racial discrimination and, in the alternative, that Wings terminated him for legitimate, non-discriminatory reasons: namely, his tardiness to work and poor job performance. In support, Wings attached employee work schedules along with an affidavit from Greg Dockery, one of Mr. Goode's supervisors during his employment with the company, which purported to verify Wings' non-discriminatory rationales for its termination decision.

On August 17, 2012, more than a month after the July 16, 2012, deadline for filing summary judgment motions set by the district court's scheduling order and Northern District of Georgia Local Rule 56.1(D), Mr. Goode filed an untimely summary judgment motion of his own, in which he characterized Mr. Dockery's affidavit as a "manufactured document" that contained a "[f]raudulent list" of non-minority Wings employees purportedly terminated for not appearing for work on time. In addition to being filed out of time, the motion contained no "separate, concise, numbered statement of material facts to which the movant contend[ed] there is no genuine issue to be tried," as required under Local Rule 56.1(B).

Mr. Goode then filed a "Motion to Strike the Affidavit of Gregory Dockery, Request for Entry of Default, Motion for Award of Attorneys' Fees & Reasonable Expenses and Request for Sanctions," on the basis of the allegedly false hearsay

3

testimony that Mr. Dockery proffered in his affidavit.  On September 27, 2012, more than three months after the close of discovery, Mr. Goode moved for an order compelling production of Department of Labor records in a purported attempt to verify Wings' alleged termination of non-minority employees for the same reason proffered for his own termination.  Adopting the magistrate judge's report and recommendation, the district court granted Wings' motion for summary judgment and denied Mr. Goode's motion for summary judgment, motion to strike, and motion to compel production of DOL records.

Following the district court's summary judgment order, Wings moved for sanctions under 28 U.S.C. § 1927 to recover attorney's fees and costs incurred in responding to Mr. Goode's motion for summary judgment, motion to strike, and motion to obtain discovery from the DOL.  Mr. Goode, for his part, filed two motions for reconsideration of and relief from the district court's order pursuant to Rule 60(b)(3).

The district court granted Wings' motion for sanctions.  Observing that Mr. Goode's summary judgment motion was untimely and "failed to comply with the Federal Rules of Civil Procedure and with the local rules of court," the district court concluded that it "was so lacking in legal or probative value that no reasonable attorney would have filed it."  With respect to Mr. Goode's motion to strike, the district court endorsed the magistrate judge's observations that the

4

purportedly objectionable testimony in Mr. Dockery's affidavit was "clearly not hearsay," that the motion was "poorly written and difficult to comprehend," and that Mr. Goode improperly sought sanctions under Federal Rule of Civil Procedure 37 without first obtaining an underlying discovery order. The district court finally ruled that Mr. Goode's motion for additional discovery was "so untimely as to be objectively unreasonable, and . . . unnecessarily multiplied the proceedings."

The district court likewise denied Mr. Goode's motions for reconsideration and relief from judgment, concluding that they merely raised arguments that the district court already rejected and "unsubstantiated accusations" that could have been – but were not – included in a statement of material facts accompanying Mr. Goode's summary judgment motion. The district court also observed that, to the extent Mr. Goode sought reconsideration, his motions were untimely under Local Rule 7.2E, which required Mr. Goode to file any motions for reconsideration of the district court's underlying order within 28 days.

Mr. Goode now appeals.

## II

On appeal, Mr. Goode argues that the district court improperly granted summary judgment in favor of Wings because he set forth a prima facie case of discrimination and the district court erroneously relied on Mr. Dockery's "sham" affidavit. Mr. Goode also contends that the district court erred in imposing

5

sanctions because his late filing of his summary judgment motions was justified. Specifically, although the magistrate judge extended discovery to permit Wings to produce relevant evidence, Mr. Goode did not have a sufficient opportunity to review and respond to that evidence.

## A

As an initial matter, we must determine which of the district court's orders we have jurisdiction to review. We have an obligation to assess *sua sponte* whether we have jurisdiction at any point in the appellate process. *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1250 (11th Cir. 2008).

The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction. R*inaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001). A notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(A). A motion for relief under Rule 60 that is filed within 28 days after the entry of the judgment is considered a tolling motion, and the appeal period runs from the entry of the order disposing of the last such outstanding motion. Fed. R. App. P. 4(a)(4)(A)(vi). A Rule 60(b) motion filed more than 28 days after the entry of judgment, however, does not toll the time for filing a notice of appeal. *See, Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1522 (11th Cir. 1984). The denial of such a motion is separately appealable, and "does not

6

bring up the underlying judgment for review." *Gibbs v. Maxwell House, A Div. of Gen. Foods Corp.*, 738 F.2d 1153, 1155 (11th Cir. 1984) (citation omitted).

The district court entered its order on the parties' cross-motions for summary judgment and Mr. Goode's motion to strike and motion for additional discovery on March 13, 2013, and judgment was entered on the same day. Mr. Goode filed his post-judgment motions for reconsideration or relief from judgment on April 16 and May 7, 2013, both of which fell more than 30 days after the district court's order of March 13, 2013. Mr. Goode filed his notice of appeal on October 23, 2013. We therefore lack jurisdiction to review the March 13, 2013 order, as the subsequently filed post-judgment motions, filed more than 28 days later, did not toll the appeal period. Fed. R. App. P. 4(a)(4)(A)(vi). We therefore dismiss this appeal insofar as it concerns the district court's March 13, 2013, order and proceed to review the district court's order on the parties' post-judgment motions, over which we do have jurisdiction.

**B**

Mr. Goode argues that the district court abused its discretion when it denied his motions under Rule 60(b)(3). We disagree.

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000). "Discretion means the district court has a range of choice, and that its

7

decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quotation omitted). Under Rule 60(b)(3), a court may relieve a party from a final judgment upon a showing of fraud, misrepresentation, or misconduct by an opposing party. To obtain relief, the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. *Frederick*, 205 F.3d at 1287. The moving party must also demonstrate that the alleged conduct prevented him from fully presenting his case. *Id.* A party does not state grounds for relief under Rule 60(b) by merely showing mistakes of law that could have been raised on appeal of the underlying judgment. *Rice v. Ford Motor Co.*, 88 F.3d 914, 918-19 (11th Cir. 1996). Thus, although a Rule 60(b) motion is to be given a liberal and remedial construction, it cannot be used as a substitute for a proper and timely appeal of the district court's judgment. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

As a threshold matter, Mr. Goode's initial brief does not address the district court's denial of his Rule 60(b)(3) motions. Any arguments related to the district court's denial of those motions are therefore abandoned. *See Sapuppo v. Allstate Floridian Ins. Co*., 739 F.3d 678, 681 (11th Cir. 2014).

8

Even if the issue were not abandoned, however, the district court did not abuse its discretion in its denial of these motions, as Mr. Goode did not offer clear and convincing evidence of fraud and misconduct against Wings. In addition to setting forth conclusory assertions of fraud, Mr. Goode belatedly filed the affidavit of James Bussey, a former Wings kitchen manager, in an attempt to cast doubt on Wings' proffered rationale for Mr. Goode's termination. Even if the affidavit were read liberally, however, it could only be said to set forth an alternative version of events from the narrative that Wings proffered through Mr. Dockery's affidavit, and that is a far cry from the high evidentiary showing necessary to obtain relief under the rule. *Frederick*, 205 F.3d at 1287.

## C

Nor did the district court err in imposing sanctions under 28 U.S.C. § 1927. We review the imposition of sanctions under § 1927 for abuse of discretion. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1390 (11th Cir. 1997). Any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

To justify the grant of attorney's fees under § 1927, the district court must find that (1) the attorney engaged in unreasonable and vexatious conduct; (2) such conduct multiplied the proceedings; and (3) the amount of the award does not

9

exceed the costs, expenses, and attorneys' fees reasonably incurred due to such conduct. *Peterson*, 124 F.3d at 1396. A district court may justifiably assess sanctions under § 1927 when "the attorney's conduct is so egregious that it is tantamount to bad faith." *Norelus v. Denny's, Inc*., 628 F.3d 1270, 1282 (11th Cir. 2010). The district court did not abuse its discretion in its grant of Wings' motion for sanctions.

First, Mr. Goode's summary judgment motion was filed more than a month out of time. In addition, it did not comply with the district court's local rules.

Second, Mr. Goode's motion to strike improperly sought Rule 37 sanctions against Wings without an underlying order compelling discovery. *United States v. Certain Real Property Located at Route 1, Bryant, Ala*., 126 F.3d 1314, 1317 (11th Cir. 1997). Mr. Goode also sought to use this motion to strike Mr. Dockery's affidavit, frivolously arguing that Mr. Dockery impermissibly relied on hearsay in testifying that Mr. Goode used foul language while working and that other managers found Mr. Dockery's performance record unsatisfactory; such testimony was proffered as evidence of Wings' rationale for its decision to terminate Mr. Goode, rather than for the truth of the matters asserted. *See* Fed. R. Evid. 801(c) (defining "hearsay" as a statement used to "prove the truth of the matter asserted"); *Moore v. Sears, Roebuck & Co*., 683 F.2d 1321, 1323 n.4 (11th Cir. 1982) ("It is well settled in employment discrimination cases such as this that for an employer

10

to prevail the [fact finder] need not determine that the employer was correct in its assessment of the employee's performance; it need only determine that the defendant in good faith believed plaintiff's performance to be unsatisfactory and that the asserted reason for the discharge is therefore not a mere pretext for discrimination.").

Third, Mr. Goode's motion to obtain discovery from the DOL was improperly filed more than three months after the close of the discovery period and two months after the dispositive motions deadline. Mr. Goode seeks to justify his inordinate delay in filing this motion and his summary judgment motion by arguing that he lacked an earlier opportunity to respond to evidence that Wings belatedly produced, and only received several deposition transcripts after the discovery and dispositive motions cut-off, but this argument lacks merit. Mr. Goode could have moved for an extension of time to file his summary judgment motion or respond to Wings' motion, moved for leave to take additional discovery under Federal Rule of Civil Procedure 56(d), or (pursuant to the magistrate judge's scheduling order) arranged for a telephonic conference as a prerequisite to filing a motion to compel.

In sum, the district court therefore did not abuse its discretion in concluding that Mr. Goode's motions were "unreasonably and vexatiously" filed and multiplied proceedings in the case. *Peterson*, 124 F.3d at 1396.

11

## III

The district court's denial of Mr. Goode's Rule 60(b)(3) motions and imposition of sanctions under 28 U.S.C. § 1927 are affirmed. Mr. Goode's appeal of the district court's March 13, 2013, order and judgment is dismissed.

**AFFIRMED IN PART AND DISMISSED IN PART.**