[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14776
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cv-61007-KMM,
Bkcy No. 0:05-bkc-25836-JKO

In re: SAMUEL MOHORNE,

Debtor.

_____

SAMUEL C. MOHORNE,

Plaintiff-Appellant,

versus

BEAL BANK,
BROWARD COUNTY SHERIFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 12, 2019)

Before WILLIAM PRYOR, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Samuel Mohorne, a former debtor proceeding *pro se*, appeals the district court's order affirming the bankruptcy court's denial of his motions to reopen his Chapter 13 bankruptcy proceedings, to stay state-court proceedings, and to take judicial notice of several prior court orders. We affirm.

## I.

The relevant facts, in brief, are as follows. In 2001, Mohorne executed a promissory note secured by a mortgage on certain real property. After Mohorne defaulted, Beal Bank ("Beal") moved to foreclose the mortgage. A Florida state court entered a final judgment of foreclosure in favor of Beal in 2005, and Beal purchased the property at a court-ordered sale. After the sale, Mohorne filed several motions arguing that his property consisted of two lots—a vacant lot and a lot with a dwelling unit—and that the mortgage attached to the vacant lot only. The state court rejected Mohorne's argument—what we'll call the "partial-mortgage theory"—and held that the mortgage covered both lots. That decision was upheld on appeal.

Later in 2005, Mohorne filed for Chapter 13 bankruptcy. The bankruptcy court granted Beal relief from the automatic stay to allow it to complete the foreclosure process. Seeking to vacate the stay-relief order, Mohorne advanced his partial-mortgage theory in the bankruptcy court, but to no avail. Mohorne

2

eventually received his Chapter 13 bankruptcy discharge in 2010, and the bankruptcy court closed his case in 2013.

In April 2017, Mohorne filed the instant motions to reopen the bankruptcy proceeding and stay the original foreclosure proceeding. The gist of these motions appears to be that, in prior bankruptcy proceedings, a bankruptcy court had ruled in his favor on the partial-mortgage theory, so subsequent courts should have been bound by that ruling.

The bankruptcy court denied Mohorne's motions to reopen and stay, finding that it had no good reason to reopen the 2005 bankruptcy case and that it lacked jurisdiction to stay state-court proceedings. It then denied Mohorne's motion to reconsider that ruling. Mohorne appealed to the district court, which affirmed the bankruptcy court. Mohorne now appeals to this Court.

## II.

In bankruptcy cases, "we independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court." *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 698 (11th Cir. 2005). We review a bankruptcy's grant or denial of a motion to reopen for an abuse of discretion. *See Slater v. United States Steel Corp.*, 871 F.3d 1174, 1186–87 (11th Cir. 2017) (*en banc*) (explaining that under 11 U.S.C. § 350(b), "the bankruptcy court retains broad discretion to reopen a

3

closed case on a motion of the debtor or another party in interest").  We will not set aside a discretionary decision by the bankruptcy court unless the decision represents a clear error of judgment.  *Rasbury v. Internal Revenue Serv. (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994).

A bankruptcy case may be reopened to administer assets, to accord relief to the debtor, or for "other cause."  11 U.S.C. § 350(b).  In terms of "other cause," the bankruptcy code incorporates the standards of Rule 60(b), Fed. R. Civ. P.  *See* Fed. R. Bankr. P. 9024.  Under Rule 60(b), a party may be relieved from a final judgment or order for several reasons.  Among these are the following:  newly discovered evidence, fraud or misrepresentation, the judgment is void or has been discharged or vacated, and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

Here, the bankruptcy court did not abuse its discretion by denying Mohorne's motion to reopen.  Mohorne claims that rulings in prior bankruptcy proceedings (in 1999 and 2002) adopted his partial-mortgage theory, but the orders he references appear to involve the judgment liens of different creditors, not Beal's mortgage lien.  Mohorne also asserts violations of a 2006 order of the bankruptcy court, but that order simply continued a hearing on a matter in the bankruptcy proceeding.  None of the referenced orders provide any reason to reopen the bankruptcy proceeding in 2017 for the apparent purpose of relitigating matters that

4

have long since been resolved.  The bankruptcy court therefore acted well within its discretion by refusing to reopen the case.  And because the motion to reopen was properly denied, so too was the related motion to stay and take judicial notice.

The bulk of Mohorne's briefing is devoted to attacking the original state-court judgment and other orders in prior proceedings.  But these matters are not at issue in this appeal.  "It is well settled that an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."  *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1021 (11th Cir. 1982) (quotation marks omitted). "This is true even if the underlying judgment is erroneous."  *Gibbs v. Maxwell House*, 738 F.2d 1153, 1155 (11th Cir. 1984).  The only matter properly before us is the bankruptcy court's order denying Mohorne's motions to reopen and stay.

Mohorne also raises a few challenges to the district court's handling of his appeal of the bankruptcy court's order.  In particular, Mohorne takes issue with the district court's denial of his request to proceed *in forma pauperis*, its authorization of Beal's filing of an untimely appellee's brief, its determination of the appeal without a hearing, and its alleged violation of our mandate in an earlier appeal. Any errors are harmless, however, because we have independently reviewed the bankruptcy court's order and concluded that the bankruptcy court did not abuse its discretion.  *See In re Int'l Admin. Servs.*, 408 F.3d at 698.

For these reasons, the bankruptcy court's order is **AFFIRMED.**

5